IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIMON and BEVERLY CHAVEZ,
on behalf of their minor son,
MATTHEW CHAVEZ,

      Plaintiffs,

vs.                                                                                          No. CIV 05-380 JB/RLP

BOARD OF EDUCATION OF TULAROSA
MUNICIPAL SCHOOLS; the NEW MEXICO
PUBLIC EDUCATION DEPARTMENT; and
VERONICA GARCIA, Secretary of the
NMPED in her individual and official capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Veronica Garcia's Motion to Dismiss First Amended Complaint, filed June 17, 2005 (Doc. 12). The Court held a hearing on this motion on September 7, 2005. The primary issue is whether Garcia is entitled to qualified immunity. Because the Court believes that the Plaintiffs, Simon and Beverly Chavez, have not established that the Defendant's actions violated a constitutional right, the Court finds that qualified immunity protects Garcia from the 42 U.S.C. § 1983 claims brought against her, and will, accordingly, dismiss those claims.

## FACTUAL BACKGROUND

The Plaintiffs bring this action on behalf of their son, Matthew Chavez, a public school student who qualifies for receipt of special education based on autism. He was enrolled in the Tularosa Municipal Schools, an educational agency within the meaning of the Individuals with Disabilities

Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482. New Mexico law establishes the New Mexico Public Education Department ("NMPED") as the entity that supervises Tularosa and other local school districts.

Dr. Veronica Garcia is the Secretary of the NMPED. Plaintiffs contend that Garcia, as Secretary of the NMPED, is charged with enforcing the IDEA in New Mexico. They state:

> Pursuant to state law (NMSA 9-24-8(B)95)), Defendant Dr. Garcia is specifically charged with taking administrative action "by issuing orders and instructions . . . to ensure implementation of and compliance with the provisions of law for which administration or execution [she] is responsible" which includes the Individuals with Disabilities Education Act (IDEA). See 20 U.S.C. § 1400(28) [sic] and NMSA § 9-24-8.

Amended Complaint ¶ 9, at 3-4, filed May 2, 2005 (Doc. 5)("Complaint").

The Plaintiffs contend that the IDEA obligated Garcia to ensure a free appropriate public education ("FAPE") for students with disabilities in New Mexico, and that she failed to meet such obligation. See Complaint ¶¶ 45-46, 52, at 9-10. The Plaintiffs argue that Garcia's actions were taken with deliberate indifference to Matthew's rights, that she intentionally discriminated against Matthew and deprived him of a public education comparable to his similarly situated peers without autism, and did so without due process. See Complaint ¶¶ 47, 60-61, at 9, 12.

## PROCEDURAL BACKGROUND

The Plaintiffs seek judicial enforcement or amendment of an administrative decision "entered in favor of the Plaintiffs against Defendant Tularosa" pursuant to IDEA, and judicial review of the same administrative decision insofar as it denies Plaintiffs' request to join the NMPED. Complaint ¶¶ 17-18, at 5. The Plaintiffs also seek relief against Tularosa and the NMPED under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and the Rehabilitation Act of 1973, 29 U.S.C. §§

701-796.  See Complaint ¶¶ 67-68, at 13.  Additionally, the Plaintiffs seek relief against Garcia under § 1983 to remedy alleged violations of Matthew's rights to equal protection and due process under the Fourteenth Amendment.  See Complaint ¶¶ 47, 60-61, at 9, 12.  The Plaintiffs sue Garcia under § 1983 in her individual capacity for damages, and in both her official and individual capacities for injunctive relief.  See Plaintiffs' Memorandum in Opposition to Defendant Veronica Garcia's Motion to Dismiss First Amended Complaint at 5-6, filed July 19, 2005 (Doc. 21)("Plaintiffs' Opposition Memo").

## LAW REGARDING RULE 12(b)(6)

In deciding a rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff.  See Stidham v. Peace Officers Standards & Training, 265 F.3d 1144, 1149 (10th Cir. 2001).  The Court is not bound, however, by conclusory allegations and legal conclusions.  See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994).  A rule 12(b)(6) motion should be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of their claims entitling them to relief.  See Stidham v. Peace Officers Standards & Training, 265 F.3d at 1149.

## LAW REGARDING § 1983.

"Neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Section 1983 provides a remedy for violations of only federal rights, and an injury alleged under state law does not support such a claim.  See Paul v. Davis, 424 U.S. 693, 699 (1976).

A claim under § 1983 is not available to enforce the IDEA.  See Padilla v. Sch. Dist. No. 1, 233 F.3d 1268, 1274 (10th Cir. 2000).  The IDEA itself provides a comprehensive enforcement

-3-

scheme of its own encompassing both administrative and judicial remedies. See Smith v. Robinson, 468 U.S. 992, 1012-13 (1984).

## LAW REGARDING QUALIFIED IMMUNITY

### I.  QUALIFIED IMMUNITY GENERALLY.

Qualified immunity recognizes the legitimate "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982)(quoting Butz v. Economou, 438 U.S. 478, 506 (1978)). Qualified immunity therefore "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). In discussing qualified immunity, the United States Court of Appeals for the Tenth Circuit has stated:

> We review summary judgment decisions involving a qualified immunity defense somewhat differently than other summary judgment rulings. In our prior decisions, we have emphasized that once a defendant raises a qualified immunity defense, the plaintiff bears a heavy burden. The qualified immunity defense cannot be analogized to other affirmative defenses because of the interests implicated in suits against government officials. Unlike other affirmative defenses, qualified immunity not only shields a defendant from liability, but is also intended to protect the defendant form the burdens associated with trial.

Hannula v. Lakewood, 907 F.2d 129, 130 (10th Cir. 1990)(citation and internal quotations omitted).

When a government official asserts the defense of qualified immunity, the burden shifts to the plaintiff to establish: (i) "that the defendant's actions violated a constitutional or statutory right."; and (ii) "if the plaintiff establishes a violation of a constitutional or statutory right, he must then demonstrate that the right at issue was clearly established at the time of the defendant's unlawful conduct." Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001)(citations and internal quotations omitted). "If the plaintiff fails to carry either part of [the] two part burden, the defendant is entitled

to qualified immunity." Albright v. Rodriguez, 51 F.3d 1531, 1535 (10th Cir. 1995).

In determining whether the right was "clearly established," the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether "the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." Id. at 1128 (quoting Wilson v. Layne, 526 U.S. 603, 615 (1999)(internal quotations omitted)). The second inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." Saucier v. Katz, 533 U.S. 194, 201 (2001). Thus, "[t]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Medina v. City and County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992).

"If the plaintiff successfully establishes the violation of a clearly established right, the burden shifts to the defendant, who must prove that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." Medina v. Cram, 252 F.3d at 1128 (quoting Albright v. Rodriguez, 51 F.3d at 1535)(internal quotations omitted). In making this determination, the Court will view the evidence in the light most favorable to the non-moving party; however, the record must demonstrate that the plaintiff has satisfied his heavy two-part burden. See Medina v. Cram, 252 F.3d at 1128. Otherwise, the defendants' qualified immunity defense prevails. See Roberts v. Kling, 144 F.3d 710, 711 (10th Cir. 1998).

## II.     QUALIFIED IMMUNITY AND DISCOVERY.

"Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992)(citing Siegert v. Gilley, 500 U.S. 226, 231 (1991)).  The court first must "determine whether the actions defendants allegedly took are actions that a reasonable person could have believed lawful." Id. (citations and internal quotations omitted).  If a reasonable person could have believed that the actions were lawful, "defendants are entitled to dismissal before discovery.  If the actions are not those that a reasonable person could have believed were lawful, then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved." Id.  See Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987)(noting that if the defendant's actions are not those that a reasonable officer could have believed lawful and "if the actions [defendant] claims he took are different from those the [plaintiffs] allege (and are actions that a reasonable officer could have believed lawful), then discovery may be necessary before [defendant]'s motion for summary judgment on qualified immunity grounds can be resolved.").  If such discovery is allowed, it "must be tailored specifically to the question of [defendant]'s qualified immunity." Anderson v. Creighton, 483 U.S. at 646 n.6.

## ANALYSIS

The parties agree that, under § 1983, the Plaintiffs cannot seek damages from Garcia in her official capacity or bring IDEA claims against her.  See Plaintiffs' Opposition Memo at 5, 7-8; Defendant Veronica Garcia's Reply Memorandum in Support of Motion to Dismiss First Amended Complaint at 1, filed August 8, 2005 (Doc. 24)("Defendant's Reply").  Further, the parties understand that § 1983 allows persons to be sued in their official capacities for injunctive relief.  See

id. The remaining issue to be decided is whether Garcia is protected from the Plaintiffs' § 1983 claims on the basis of qualified immunity. Because the Court believes that the Plaintiffs have failed to show evidence of a violation of a constitutional right, it finds that Garcia is entitled to qualified immunity and will, therefore, dismiss the claims against her.

## I.     THE PLAINTIFFS' EQUAL PROTECTION CLAIM UNDER § 1983.

The Plaintiffs have not demonstrated that Garcia's actions violated Matthew's constitutional right to equal protection. In considering this matter, the Court believes it significant that the disabled are not considered a suspect or quasi-suspect class to which a heightened level of scrutiny is due. Rather, state actions concerning the disabled receive rational-basis review. As such, state actions "cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 367 (2001). Specifically, in Board of Trustees of the University of Alabama v. Garrett, the Supreme Court of the United States declared that "States are not required by the [Constitution] to make special accommodations for the disabled, so long as their actions toward such individuals are rational." 531 U.S. at 367. Furthermore, the Garrett Court noted that "the State need not articulate its reasoning at the moment a particular decision is made. Rather, the burden is upon the challenging party to negative any reasonably conceivable state of facts that could provide a rational basis for the classification." 531 U.S. at 367.

While the Plaintiffs allege that Garcia intentionally treated Matthew differently than his similarly situated non-autistic peers because of his disability, they do not show that there could be no reasonably conceivable state of facts that could provide a rational basis for such differential treatment. For example, the Plaintiffs have not demonstrated that Garcia did not base her actions on a

determination that the benefits that Matthew might receive from additional instruction could not justify the costs of that additional instruction. The Plaintiffs have not met their heavy burden; they have not shown that Garcia's actions were taken without any conceivable rational basis and, therefore, they have not established that Matthew's constitutional right to equal protection was violated.

## II.     THE PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIM UNDER § 1983.

The Plaintiffs have not demonstrated that Garcia's actions violated Matthew's constitutional right to procedural due process. The Plaintiffs have failed to allege a deprivation of life, liberty, or property. If the Plaintiffs had alleged that Garcia affirmatively acted to exclude Matthew from school, such as by suspension or expulsion, the Court's decision might be different. The Plaintiffs, however, rather than alleging that Garcia acted to deprive Matthew of his public education, argue that Garcia's omissions, namely her refusal to form a program to actively monitor and support Matthew's educational progress vis-a-vis his non-autistic peers, effectively amounted to a deprivation of due process because they kept Matthew from receiving special accommodation for his autism. Because "the Due Process Clause 'generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual,'" Garcia's omissions did not violate Matthew's right to procedural due process. Currier v. Doran, 242 F.3d 905, 917 (10th Cir. 2001)(quoting DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 196 (1989)). As such, the Plaintiffs have not established that Matthew's constitutional right to procedural due process was violated.

The Plaintiffs have failed to demonstrate that Garcia's actions violated Matthew's rights to equal protection and due process. Because the Plaintiffs have not met that burden, the Court need

-8-

not analyze whether those rights were clearly established to find that Garcia is entitled to qualified immunity. Qualified immunity protects Garcia from the Plaintiffs' claims and, accordingly, the Court will dismiss those claims.

**IT IS ORDERED** that Defendant Veronica Garcia's Motion to Dismiss First Amended Complaint is granted. The Court will dismiss the Plaintiffs claims against Garcia.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gail Stewart
Laurel Nesbitt
Steven Granberg Attorney at Law, P.A.
Albuquerque, New Mexico

– *and* –

Tara Ford
Pegasus Legal Services for Children
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Gerald Coppler
John Appel
Coppler & Mannick, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Board of Education of Tularosa Municipal Schools*

Andrew S. Montgomery
Jeffrey J. Wechsler
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendants New Mexico Public Education Department and Veronica Garcia*