IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIMON and BEVERLY CHAVEZ,
on behalf of their minor son,
MATTHEW CHAVEZ,

       Plaintiffs,

vs.                                        No. CIV 05-380 JB/RLP

BOARD OF EDUCATION OF TULAROSA
MUNICIPAL SCHOOLS; the NEW MEXICO
PUBLIC EDUCATION DEPARTMENT; and
VERONICA GARCIA, Secretary of the
NMPED in her individual and official capacity,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Stay-Put Order or

Preliminary Injunction Against Defendants Tularosa and New Mexico Public Education Department

and Memorandum in Support, filed December 20, 2005 (Doc. 37)("Motion").  The Court held a

hearing on this motion on January 26, 2006.  The primary issues are: (i) whether the Court has

subject-matter jurisdiction, pursuant to 20 U.S.C. § 1415(i)(2)(A), to hear the Plaintiffs' Individuals

with Disabilities Act ("IDEA") claims; and (ii) whether, if the Court does have such jurisdiction, it

should grant the Plaintiffs' requests for "stay-put" and/or preliminary injunction.  Because the Court

finds that it lacks subject-matter jurisdiction over the Plaintiffs' IDEA claims, and because the Court's

inability to consider those claims leaves in this case only the Plaintiffs' claims for damages under the

Rehabilitation Act ("Rehab Act") and Americans with Disabilities Act ("ADA"), the Court concludes

that it is in no position to grant preliminary relief, whether pursuant to the IDEA's stay-put provision

or the traditional doctrine of preliminary injunction, and will, therefore, deny the Plaintiffs' motion.

## FACTUAL BACKGROUND[1]

Plaintiffs Beverly and Simon Chavez are the parents of Matthew Chavez. Matthew and his parents live in Tularosa, New Mexico. See Parties Stipulations for Stay-put Injunction Hearing at 1, filed January 26, 2006 (Doc. 44)("Stipulations"); Transcript at 25:19-26:7 (Chavez)(taken January 26, 2006)("Transcript").[2] Matthew is fifteen-years old. See id. He is relatively large for his age; when he was twelve-years old, Matthew was 5'5" tall and weighed 229 pounds. See Motion, Exhibit 1, Decision of the Due Process Hearing Officer at 7 (dated November 17, 2004)("DPHO Decision"). Matthew has been diagnosed with autism, he is eligible for special education as a student with autism, and he has been identified as a student needing special education services since he was three-years old. See Stipulations at 1. Matthew's parents represent that, despite his disabilities, Matthew has demonstrated a significant ability to learn academic skills. See Motion at 2.

Matthew lives at home with his mother. See Transcript at 25:19-26:7 (Chavez). He receives home-based behavioral therapy services through his Developmental Disabilities Waiver, see id. at 47:6-22 (Chavez), which the Department of Health administers, see id. at 143:20-23 (Dembrowsky). The availability of those services to Matthew, however, has been inconsistent. See id. at 47:6-22 (Chavez).

Matthew has difficulty with transitions and change. See DPHO Decision at 7. He requires coordinated services and clear structure. See id. Matthew needs consistency between his home and

---

[1] The facts recounted herein reflect circumstances as they existed as of January 26, 2006.

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

school environments.  See id. at 8.  He regresses behaviorally when he misses school.  See id.  The

behaviors that Matthew exhibits include urinating in his bed, refusing to eat and to get dressed,

turning over the family table, and hitting his parents.  See id. at 11.  Matthew's parents concede that,

as a result of his disabilities, Matthew exhibits severe behaviors that tend to place him and others at

risk of serious physical injury.  See Motion at 2.  Matthew's parents represent that his behaviors

worsen when he is not provided necessary and appropriate services at school.  See id.  Matthew's

parents also represent that his behaviors escalate when he is required to attend school, especially

when there are academic expectations of Matthew.  See id.  Because of his abilities and disabilities,

Matthew requires an educational placement that will enable him to obtain the skills to manage his

behavior so that he can benefit from his education.  See Response of Defendants New Mexico Public

Education Department and Veronica Garcia to Plaintiffs' Motion for Stay-put Order or Preliminary

Injunction ("PED's Response"), Exhibit 1, Decision of the Administrative Appeal Officer at 9, 15-16

(dated March 4, 2005), filed January 24, 2006 (Doc. 42)("AAO Decision").

Matthew's parents filed an IDEA administrative due process hearing complaint against

Defendants the Board of Education of Tularosa Municipal Schools ("Tularosa") and the New Mexico

Public Education Department ("PED") in May 2004.  See Stipulations at 2.  This due process hearing

complaint request was Matthew's parents' second against Tularosa.  See DPHO Decision at 8.  Their

first request pertained to the 2002-2003 school year and ended when the parties entered into an

agreement.  See id.  That agreement was only partially successful for a limited period of time.  See

id. at 8-9.

The PED refused to take part in the IDEA administrative process, and the Due Process

Hearing Officer ("DPHO") and Administrative Appeal Officer ("AAO") upheld the PED's self-

determined exemption from that process. <u>See</u> AAO Decision at 14-15.  After conducting a hearing, the DPHO issued her opinion on November 17, 2004.  <u>See</u> DPHO Decision.  Both Matthew's parents and Tularosa appealed the DPHO's decision.  <u>See</u> Stipulations at 2.  In her review of the DPHO's decision, the AAO adopted all of the DPHO's factual findings, with the exception of finding of fact 60, which provided that a comprehensive evaluation of Matthew is needed, and a modification to finding of fact 32, which the AAO modified to reflect that Matthew's parents were uncomfortable with Dr. Thomas' reliance on aversive conditioning.  <u>See</u> AAO Decision at 3-4.

The AAO issued her decision on March 4, 2005.  <u>See</u> <u>id.</u> at 1.  Tularosa did not appeal the AAO's decision.  <u>See</u> Stipulations at 2.  Matthew's parents prevailed at both administrative levels. <u>See</u> AAO Decision.  The hearing officers decided in their favor and awarded equitable remedies, including compensatory education.  <u>See</u> AAO Decision at 18-20.

## PROCEDURAL BACKGROUND

On April 4, 2005, one month after the AAO's decision was issued, Matthew's parents timely initiated this action by filing their Complaint for Violations of IDEA and Civil Rights Pursuant to Section 1983, ADA, and Section 504 of the Rehabilitation Act.  <u>See</u> Doc. 1.  On May 5, 2005, Matthew's parents filed their First Amended Complaint for Violations of IDEA and Civil Rights Pursuant to Section 1983, ADA, and Section 504 of the Rehabilitation Act ("First Amended Complaint").  <u>See</u> Doc. 5.

In their First Amended Complaint, Matthew's parents allege that the PED's failure to provide Matthew with a free appropriate public education ("FAPE") or to compel the Tularosa schools to do so has harmed Matthew.  <u>See</u> First Amended Complaint ¶¶ 21, 65, at 6, 12.  Matthew's parents also move the Court to hold Tularosa and the PED jointly responsible for Matthew's lack of a FAPE and

to award injunctive and compensatory relief.  See id., Prayer, at 13.  Matthew's parents, moreover, seek judicial enforcement or amendment of the administrative decision "entered in favor of the Plaintiffs against Defendant Tularosa" pursuant to the IDEA, and judicial review of the same administrative decision insofar as it denies their request to join the PED in the administrative hearing process.  See id. ¶¶ 17-18, at 5.  Further, Matthew's parents seek relief against the PED under the ADA, 42 U.S.C. §§ 12101-12213, and the Rehab Act, 29 U.S.C. §§ 701-796.  See id. ¶¶ 67-68, at 13.  Additionally, Matthew's parents assert 42 U.S.C. § 1983 claims against Defendant PED Secretary Veronica Garcia for allegedly depriving Matthew of his rights of equal protection and due process under the Fourteenth Amendment.  See id. ¶ 69, at 13.

In their First Amended Complaint, Matthew's parents also represent that they "[we]re the prevailing parties in the IDEA administrative action against Tularosa pursuant to [the] March 4, 2005 decision of the Administrative Appeal Officer."  Id. ¶ 11, at 4.

On June 17, 2005, Garcia filed Defendant Garcia's Motion to Dismiss First Amended Complaint, see Doc. 12, and Defendants PED and Garcia jointly filed the Motion of Defendants New Mexico Public Education Department and Veronica Garcia to Dismiss First Amended Complaint, see Doc. 15.  The Court granted those motions on October 4, 2006, see Doc. 93, and October 19, 2006, see Doc. 96, respectively.  The Court found that Matthew's parents had not established that Garcia's actions violated a constitutional right and that she was thus entitled to qualified immunity with respect to the § 1983 claims brought against her.  See Memorandum Opinion and Order at 1, 6-9, filed October 4, 2006 (Doc. 93)("October 4 MOO").  Accordingly, the Court granted Garcia's motion to dismiss Matthew's parents' claims against her.  See id. at 9.  The Court also granted the PED's and Garcia's joint motion to dismiss.  See Memorandum Opinion and Order at 21, filed October 19, 2006

(Doc. 96)("October 19 MOO").  In doing so, the Court concluded that, as prevailing parties, Matthew's parents were prohibited from seeking enforcement or appeal of the AAO's administrative decision in federal district court; the Court determined that the IDEA's appeal provision, 20 U.S.C. § 1415(i)(2)(A), did not provide the Court with subject-matter jurisdiction to hear those claims.  See id. at 1-2, 19-21.  In granting the joint motion to dismiss, the Court suggested, without making any rulings whether such a claim is possible, that Matthew's parents might seek enforcement of the AAO's decision, pursuant to Robinson v. Pinderhughes, 810 F.2d 1270 (4th Cir. 1987), by bringing a § 1983 claim based upon the statutory right that Matthew accrued under the IDEA when the AAO issued her decision.  See October 19 MOO at 7-15, 19-21.

In granting the Defendants PED's and Garcia's joint motion to dismiss, the Court determined that Matthew's parents had exhausted their administrative remedies under the IDEA.  See October 19 MOO at 17-18.  In their joint motion to dismiss, PED and Garcia argued that Matthew's parents' ADA and Rehab Act claims should be dismissed because they had not exhausted the IDEA's administrative remedies.  See Memorandum of Defendants New Mexico Public Education Department and Veronica Garcia in Support of Motion to Dismiss First Amended Complaint at 4-13, filed June 17, 2006 (Doc. 16).  The Court recognizes that, because Matthew's parents prevailed under the IDEA at the administrative level, awarding additional equitable relief under the ADA and Rehab Act would be duplicative.  See Hoekstra v. Indep. Sch. Dist., 103 F.3d 624, 626-27 (8th Cir. 1996)("[E]nforcement remedies, procedures and rights under Title II of the ADA are the same as under § 504 . . . ."); Miller v. Bd. of Educ. of Albuquerque Pub. Schs., 45 F. Supp. 2d 1286, 1315 (D.N.M. 2006)(Armijo, J.)("To the extent that the AAO already awarded equitable relief under the IDEA . . . , it would appear that Plaintiff's ADA and Section 504 claims are moot insofar as they

merely serve as means of duplicating the equitable relief previously awarded under the IDEA.");
Eddins v. Excelsior ISD, No. 9:96-CV-10, 1997 WL 470353, at *4 (E.D. Tex. August 6,
1997)("Since the relevant federal regulations and case law indicate that requirements of the
Rehabilitation Act may be satisfied through compliance with IDEA it appears these separate Acts
create a nearly identical substantive right to receive a free appropriate public education.")(citing
Jeremy H. v. Mt. Lebanon Sch. Dist., 95 F.3d 272, 287-80 (3d Cir. 1996), and Urban v. Jefferson
County Sch. Dist., 89 F.3d 720, 728 (10th Cir. 1996)). The Court also acknowledges that Matthew's
parents are seeking monetary damages for loss of future earning capacity, pain and suffering,
emotional distress, loss of educational services and opportunity, and lost wages. See First Amended
Complaint ¶ 62, at 12, Prayer at 13. While monetary, tort-type damages are generally unavailable
under the IDEA, consequential damages may be awarded under the ADA and Rehab Act, upon a
showing of the required intent element. See Sellers v. Sch. Bd. of Manassas, 141 F.3d 524, 527-29
(4th Cir. 1998); Brown v. Hobbs Mun. Sch. Dist., No. CIV-02-1305 (D.N.M.)(Browning, J.),
Memorandum Opinion and Order at 11-13, filed February 19, 2004 (Doc. 62)(unpublished). As such,
the Court notes that its October 19, 2006 Memorandum Opinion and Order granting PED's and
Garcia's joint motion to dismiss did not dismiss Matthew's parents' ADA and Rehab Act claims to
the extent that they seek damages unavailable under the IDEA.

On December 20, 2005, Matthew's parents filed the present motion. See Doc. 37.
Matthew's parents request the Court to enter a stay-put order, pursuant to 20 U.S.C. § 1415(j), or,
in the alternative, a preliminary injunction against Tularosa requiring it to "stay-put" during the
pendency of this case. See Motion at 1-2, 13-18. Matthew's parents also request the Court to enter
a preliminary injunction requiring the PED to exercise its supervisory powers to ensure that any stay-

put order the Court may grant is effectively implemented.  See id. at 1-2, 20.  In addition, if the

preliminary injunction evidentiary hearing demonstrates that Tularosa is unwilling or unable to fully

comply with the AAO's decision, Matthew's parents request that the Court immediately require

Tularosa and the PED to arrange and pay for placement at Heartspring, a residential school in

Wichita, Kansas, for Matthew, as the stay-put placement.  See id. at 1-2, 19.

    Matthew's parents' motion for stay-put and/or preliminary injunction also states: "This motion

does not seek qualitative reexamination of the remedy ordered by the AAO. . . . Plaintiffs, again, do

not complain of the order except to the extent Tularosa is incapable or unwilling to comply with the

order."  Id. at 4.

## LAW REGARDING AGGRIEVED PARTIES UNDER THE IDEA

    The IDEA provision conferring a right to bring a civil action, 20 U.S.C. § 1415(i)(2)(A),

provides subject-matter jurisdiction for federal courts to review state administrative orders:

> Any party aggrieved by the findings and decision made under subsection (f) and (k)
> of this section who does not have the right to appeal under subsection (g) of this
> section, and any party aggrieved by the findings and decision under this subsection,
> shall have the right to bring a civil action with respect to the complaint presented
> pursuant to this section, which action may be brought in any State court of competent
> jurisdiction or in a district court of the United States without regard to the amount in
> controversy.

20 U.S.C. § 1415(i)(2)(A).  Pursuant to § 1415(i)(2)(A), only an "aggrieved" party -- a party

"aggrieved by the findings and decision" of an administrative judge -- may seek judicial review of an

AAO's decision.  Id.; Robinson v. Pinderhughes, 810 F.2d at 1275 (concluding that a party must be

"aggrieved" by the portion of an administrative tribunal's decision on which that party seeks judicial

review); Miller v. Bd. of Educ. of Albuquerque Pub. Schs., 2006 WL 2786759, at *22 ("I have no

occasion to review the findings of the AAO and the DPHO regarding these violations during the

seventh and eighth grade, because the administrative tribunals found in Plaintiffs' favor as to these violations, and thus Plaintiffs are not 'aggrieved' by such findings within the meaning of the IDEA."); Grace B. v. Lexington Sch. Comm., 762 F. Supp. 416, 418 (D. Mass. 1991)(articulating same).

Federal courts lack subject-matter jurisdiction to entertain a non-aggrieved party's request merely to enforce the relief awarded in a state administrative proceeding under the IDEA. See Robinson v. Pinderhughes, 810 F.2d at 1272-74 (stating that plaintiffs did not have the right to appeal a favorable decision of the administrative hearing officer because they were not aggrieved, but noting that the plaintiffs could seek enforcement under § 1983); Moubry ex rel. Moubry v. Indep. Sch. Dist. No. 696, 951 F. Supp. 867, 885, 886 n.13 (D. Minn. 1996)(ruling that the IDEA does not contemplate an action to enforce an administrative decision because jurisdiction is limited to parties that an administrative decision aggrieves); Reid v. Bd. of Educ., Lincolnshire-Prairie View Sch. Dist. 103, 765 F. Supp 965, 969 (N.D. Ill. 1991)(granting motion to dismiss enforcement claim brought under the IDEA).

With regard to actions brought under the IDEA seeking enforcement of favorable administrative orders, in A.T. v. N.Y. Educ. Dep't, No. 98-CV-4166, 1998 WL 765371 (E.D.N.Y. 1998), the United States District Court for the Eastern District of New York held: "Because plaintiffs are seeking to enforce a favorable administrative decision, they are not aggrieved by the findings and decision of the administrative agency, as required by § 1415(i)(2)(A), and are therefore precluded from bringing their claim under that section of the IDEA." Id. at *7 (internal quotations omitted).

Similarly, in Metro. Sch. Dist. v. Buskirk, 950 F. Supp. 899 (S.D. Ind. 1997), where a school district sought to enforce an administrative order, the United States District Court for the Southern District of Indiana found that it lacked jurisdiction to enforce the order: "The School District is not

appealing the administrative findings and decisions issued by [the administrative hearing officer].

Instead, Plaintiff is seeking to enforce those findings and decisions.   A suit to enforce an

administrative decision clearly is not brought by a party aggrieved by that decision."   Id. 902.

## LAW REGARDING THE IDEA'S STAY-PUT PROVISION

The IDEA's stay-put provision, 20 U.S.C. § 1415(j), provides, in pertinent part:

> [D]uring the pendency of any proceedings conducted pursuant to this section, unless
> the State or local educational agency and the parents otherwise agree, the child shall
> remain in the then-current educational placement of the child, or, if applying for initial
> admission to a public school, shall, with the consent of the parents, be placed in the
> public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j).  The statutory stay-put provision thus seeks to maintain the status quo during

the administrative and judicial proceedings the IDEA provides.   "The purpose of the stay-put

provision is to prevent school districts from 'effecting unilateral change in a child's educational

program'" during the pendency of IDEA proceedings.  Erickson v. Albuquerque Pub. Schs., 199

F.3d 1116, 1121 (10th Cir. 1999)(quoting Susquenita Sch. Dist. v. Raelee S., 96 F.3d 78, 83 (3d Cir.

1996)).

In Laster v. District of Columbia, 394 F. Supp. 2d 60 (D.D.C. 2005), the United States

District Court for the District of Columbia stated:

> A parent can invoke the stay put provision when the school system proposes "a
> fundamental change in, or elimination of, a basic element of the [then-current
> educational placement]."  Lunceford v. Dist. of Columbia Bd. of Educ., 745 F.2d
> 1577, 1582 (D.C. Cir. 1984).  A parent moving for a stay put injunction "must
> identify, at a minimum, a fundamental change in, or elimination of a basic element of
> the education program in order for the change to qualify as a change in educational
> placement."  Id.

Laster v. District of Columbia, 394 F. Supp at 64.  The IDEA's stay-put provision becomes

applicable only when a change in a child's placement is proposed.  See Moss v. Smith, 794 F. Supp.

-10-

11, 14 (D.D.C. 1992).  See DeLeon v. Susquehanna Cmty. Sch. Dist., 747 F.2d 149, 152 (3d Cir. 1984)(stating  that the threshold question is whether there was a change in "educational placement").

Once a change in educational placement has been proposed, the IDEA's stay-put provision operates as a substitute for traditional preliminary injunction analysis.  In Casey K. ex rel. Norman K. v. St. Anne Cmty.. High Sch. Dist. No. 302, 400 F.3d 508 (7th Cir. 2005), the United States Court of Appeals for the Seventh Circuit, in a Judge Posner authored opinion, stated: "The stay-put provision has been interpreted as imposing an automatic statutory injunction, Honig v. Doe, 484 U.S. 305, 326-27 (1988) . . . , like the automatic stay in bankruptcy."  Id. at 511.

"The law is clear that an administrative decision in favor of the parents is equivalent to an agreement between the state agency and the parents and, therefore, represents the child's current education placement for purposes of the IDEA's 'stay-put' provision."  Bd. of Educ. of Albuquerque Pub. Schs. v. Miller, No. CIV 05-502, 2005 U.S. Dist. LEXIS 43833, at *11 (D.N.M. July 22, 2005)(Armijo, J.)(citing 34 C.F.R. § 300.514(c), and Sch. Comm. of Town of Burlington v. Mass. Dep't of Educ., 471 U.S. 359 (1985)).

## LAW REGARDING PRELIMINARY INJUNCTION

"It is well settled that a preliminary injunction is an extraordinary remedy, and that it should not be issued unless the movant's right to relief is clear and unequivocal."  Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001)(internal quotations omitted).  To show that the extreme remedy of a preliminary injunction should issue, "[a] party seeking an injunction from a federal court must invariably show that it does not have an adequate remedy at law."  N. Cal. Power Agency v. Grace Geothermal Corp., 469 U.S. 1306, 1306 (1984).  Before a district court may issue a preliminary injunction pursuant to rule 65 of the Federal Rules of Civil Procedure, the moving party must

establish that: "[i] [it] will suffer irreparable injury unless the injunction issues; [ii] the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; [iii] the injunction, if issued, would not be adverse to the public interest; and [iv] there is a substantial likelihood [of success] on the merits." Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1198 (10th Cir. 1992). The movant bears the burden of demonstrating that those equitable factors weigh in its favor. See Automated Mktg. Sys., Inc. v. Martin, 467 F.2d 1181, 1183 (10th Cir. 1972). With respect to preliminary injunctions that will change the status quo, "the movant has an even heavier burden of showing that the four factors listed above weigh heavily and compellingly in movant's favor before such an injunction can be issued." Salt Lake Tribune Publ'g Co. v. AT&T Corp., 320 F.3d 1081, 1099 (10th Cir. 2003)(internal quotations omitted)(quoting SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098-1099 (10th Cir. 1991)).

"[I]n an action for money damages, the district court does not have the power to issue a preliminary injunction . . . ." U.S. ex rel. Rahman v. Oncology Assocs., 198 F.3d 489, 495-96 (4th Cir. 1999)(citing Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 324-25 (1999)). See Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418-20 (8th Cir. 1987)(finding that a preliminary injunction should not issue where a remedy of money damages was available). Federal courts have the inherent equitable power to issue a preliminary injunction only when it is necessary to protect a movant's entitlement to a final equitable remedy. See De Beers Consol. Mines v. United States, 325 U.S. 212, 219-223 (1945); Reebok Int'l, Ltd, v. Marnatech Enter., Inc., 970 F.2d 552, 559-560 (9th Cir. 1992).

## ANALYSIS

The Court lacks subject-matter jurisdiction to hear Matthew's parents' IDEA claims. Without those claims, the case does not contain any claims that lay in equity. The Court, therefore, does not have the authority to grant either a stay-put order or a preliminary injunction. The Court will deny the motion.

I.  **BECAUSE THE COURT LACKS SUBJECT-MATTER JURISDICTION TO HEAR THE IDEA CLAIMS, IT WOULD BE INAPPROPRIATE FOR IT TO GRANT PRELIMINARY RELIEF, EITHER IN THE FORM OF A STAY-PUT ORDER OR A PRELIMINARY INJUNCTION, WITH RESPECT TO THE CHAVEZ' IDEA CLAIMS.**

The Court does not have subject-matter jurisdiction under § 1415(i)(2)(A), because neither Matthew nor his parents are aggrieved parties. Matthew's parents allege that they were not allowed to proceed against the PED in the IDEA's administrative process, that Tularosa has yet to comply with the AAO's decision, and that the PED has not compelled Tularosa to do so or taken compliance with the AAO's order upon itself. Matthew's parents contend that they are thus aggrieved parties under the IDEA. See First Amended Complaint ¶¶ 14, 21, 63, 65, at 4, 6, 12. As the Court held in its October 19, 2006 Memorandum Opinion and Order granting the PED's and Garcia's joint motion to dismiss, however, in the end, Matthew's parents' argument is no more than that Tularosa and the PED have not complied with the AAO's decision and, therefore, that they may seek enforcement of that order in federal district court pursuant to § 1415(i)(2)(A). See October 19 MOO at 19-20. The IDEA does not allow that. See id.; Robinson v. Pinderhughes, 810 F.2d at 1275; Miller v. Bd. of Educ. of Albuquerque Pub. Schs., 2006 WL 2786759, at *22; A.T. v. N.Y. Educ. Dep't, 1998 WL 765371, at *7; Metro. Sch. Dist. v. Buskirk, 950 F. Supp. at 902; Moubry ex rel. Moubry v. Indep. Sch. Dist. No. 696, 951 F. Supp. at 885, 886 n.13; Grace B. v. Lexington Sch. Comm., 762 F. Supp.

-13-

at 418; Reid v. Bd. of Educ., Lincolnshire-Prairie View Sch. Dist. 103, 765 F. Supp. at 969.  As the Court cannot entertain Matthew's parents' IDEA claims,  because it lacks subject-matter jurisdiction to do so, it cannot issue a stay-put order or a preliminary injunction based upon those claims.

## II.    BECAUSE, WITHOUT THE CHAVEZ' IDEA CLAIMS, THE CHAVEZ' SUIT IS MAINTAINED ENTIRELY WITHIN LAW, A PRELIMINARY INJUNCTION IS NOT APPROPRIATE.

Because the only claims of Matthew's parents presently before the Court that the Court can consider are the ADA and Rehab Act claims for monetary damages, which lay entirely in law, the Court is not in a position to issue the preliminary injunction sought in the present motion.  The Court has dismissed the § 1983 claims against Garcia for alleged violations of Matthew's equal protection and due process rights.  See October 4 MOO at 8-9.  The Court has also dismissed the IDEA claims against the PED for lack of subject-matter jurisdiction.  See October 19 MOO at 20-21.  The Court finds, moreover, that it does not have subject-matter jurisdiction to hear any claims for appeal or enforcement of the AAO's decision in this case, because Matthew and his parents are not aggrieved parties under the IDEA.  Further, the Court notes that, because Matthew's parents prevailed under the IDEA at the administrative level, the award of additional equitable relief under the ADA and Rehab Act would be duplicative.  See Miller v. Bd. of Educ. of Albuquerque Pub. Schs., 45 F. Supp. 2d. at 1315 (stating that ADA and Rehab Act claims are moot insofar as they serve as a means of duplicating equitable relief awarded under the IDEA).  Matthew's parents' ADA and Rehab Act claims are thus moot insofar as they seek equitable relief that has already been granted under the IDEA.  See id.  Based on the foregoing, the Court concludes that the only claims currently before it in this case are ADA and Rehab Act claims for tort-type, monetary damages.  In an action solely for money damages, the Court cannot grant a request for a preliminary injunction.  See De Beers Consol.

<u>Mines v. United States</u>, 325 U.S. at 219-223; <u>U.S. ex rel. Rahman v. Oncology Assocs.</u>, 198 F.3d at 495-96; <u>Reebok Int'l, Ltd, v. Marnatech Enter., Inc.</u>, 970 F.2d at 559-560; <u>Gelco Corp. v. Coniston Partners</u>, 811 F.2d at 418-20.  Additionally, the Court believes that Matthew's parents' ADA and Rehab Act claims can be adequately remedied at law; the Court believes that monetary damages could adequately compensate Matthew and his parents for loss of future earning capacity, pain and suffering, emotional distress, loss of educational services and opportunity, and lost wages -- Matthew's parents have not given the Court reason to believe otherwise.  <u>See</u> <u>N. Cal. Power Agency v. Grace Geothermal Corp.</u>, 469 U.S. at 1306 ("A party seeking [a preliminary] injunction from a federal court must invariably show that it does not have an adequate remedy at law.").

The Court lacks subject-matter jurisdiction over Matthew's parents' IDEA claims.  As such, it cannot issue a stay-put order or a preliminary injunction based upon those claims.  Because the Court cannot consider Matthew's parents' IDEA claims, the only claims presently before the Court that it can hear are the ADA and Rehab Act claims for monetary damages.  The Court cannot grant a preliminary injunction based solely on those claims.  The Court will, therefore, deny Matthew's parents' motion for stay-put and/or preliminary injunction.

**IT IS ORDERED** that the Plaintiffs' Motion for Stay-Put Order or Preliminary Injunction Against Defendants Tularosa and New Mexico Public Education Department and Memorandum in Support is denied.

_____
UNITED STATES DISTRICT JUDGE

-15-

*Counsel*:

Tara Ford
Pegasus Legal Services for Children
Albuquerque, New Mexico

-- and --

Gail Stewart
Steven Granberg Attorney at Law, P.A.
Albuquerque, New Mexico

      *Attorneys for the Plaintiffs*

Gerald Coppler
Coppler & Mannick, P.C.
Santa Fe, New Mexico

      *Attorney for Defendant Board of Education of Tularosa*
        *Municipal Schools*

Andrew S. Montgomery
Jeffrey J. Wechsler
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

      *Attorneys for Defendants New Mexico Public Education Department and*
        *Veronica Garcia*