# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SIMON and BEVERLY CHAVEZ,
on behalf of their minor son,
MATTHEW CHAVEZ,

        Plaintiffs,

vs.                                    No. CIV 05-0380 JB/CG

BOARD OF EDUCATION OF TULAROSA
MUNICIPAL PUBLIC SCHOOLS; the
NEW MEXICO PUBLIC EDUCATION
DEPARTMENT, and VERONICA GARCIA,
Secretary of the NPED in her
individual and official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on the NMPED Motion to Vacate and Reschedule the Trial Setting, filed October 10, 2008 (Doc. 166)("Motion").  The Court held a hearing on October 16, 2008.  The primary issue is whether the Court should vacate the trial currently set for November 10, 2008 because one of the witnesses, Connie Dembrowsky, is experiencing serious medical problems and will not be available for the trial.  Because the Court believes that Dembrowsky has already provided sworn testimony, subject to cross-examination, in this case, because her employer is no longer a party in this case, because her role is not the focus of the remaining issues in the case, and because she will not be available in the near future, the Court will deny the motion without prejudice to Defendant New Mexico Public Education Department ("NMPED") renewing its motion if it can determine, with greater specificity than heretofore presented, and after consultation with the Plaintiffs' counsel, what evidence Dembrowsky has that

is not available in her transcripts or is not available through some other admissible evidence.

## FACTUAL BACKGROUND

At all relevant times, Matthew Chavez was a special-education student residing in the District of Tularosa.  At all relevant times, and up until the present, Connie Dembrowsky was the special education director at the District of Tularosa.  Dembrowsky was directly responsible for Matthew Chavez' education while he was at the District of Tularosa.

The Plaintiffs allege that the NMPED violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act by discriminating against Matthew Chavez by failing to ensure that he received an appropriate education.  The NMPED contends that Matthew Chavez was not treated in a manner that is different from his non-disabled peers, that non-discriminatory reasons motivated the actions and inactions of which the Plaintiffs complain, and that Matthew Chavez received the education to which he is entitled pursuant to all applicable laws.

## PROCEDURAL BACKGROUND

Dembrowsky's deposition was not taken in this matter.  Dembrowsky testified, however, at both the Individuals with Disabilities Education Act ("IDEA") Stay Put hearing held in January of 2006, and at the IDEA supplemental-evidence hearing in July of 2008.  Both of those hearings, however, focused on the IDEA, and neither dealt specifically with the issues surrounding the discrimination claims.  Dembrowsky has not provided testimony in this matter focused on the issues surrounding the Plaintiffs' discrimination claims.

The case is presently set for trial with a firm setting before the Court on November 10, 2008, and continuing on November 12-14, 2008.  Both the Plaintiffs and the NMPED have listed Dembrowsky as a witness.  Dembrowsky is expected to testify about one or more of the following: (i) the original dispute between the District of Tularosa and the Plaintiffs that occurred in 2002; (ii)

the dispute between the District and the Plaintiffs that occurred in 2003 that initiated this suit; (iii) the education that was provided to Matthew Chavez before the disputes arose; (iv) the education that was provided to Matthew Chavez after the disputes arose; (v) the District's position with regard to the dispute and the reasons that the District took the actions at the heart of this case; (vi) her contacts with the Plaintiffs; (vii) her contacts with the NMPED which are relevant to the Plaintiffs' discrimination claims; (viii) the authority of the NMPED to compel the District to take action with regard to Matthew Chavez; (ix) the rights of Matthew Chavez under the IDEA; (x) the District's willingness to provide an education to Matthew Chavez; (xi) evidence that non-discriminatory reasons motivated the NMPED's actions; and (xii) the District's ability to provide an education to Matthew Chavez.

Late on the afternoon of October 7, 2008, the NMPED was informed that Dembrowsky has a medical condition associated with her brain that is affecting her mental abilities and that will require surgery.  The NMPED did not previously know about Dembrowsky's condition.  See Transcript of October 8, 2008 Hearing at 62:1-2 (Wechsler)("October 8 Tr.").[1]  The NMPED states that, upon information and belief, Dembrowsky only recently learned of her condition.

The NMPED also states, upon information and belief, that Dembrowsky was scheduled to undergo surgery on October 9, 2008.  As part of the preparation for that surgery, however, Dembrowsky's doctors discovered blood clots in her brain.  See Motion ¶¶ 9-10, at 3.  As a result, Dembrowsky was put on a heavy regimen of medication.

The NMPED contends that, upon information and belief, because of the influence of her

---

[1]  The Court's citations to the transcripts of all hearings, except for the transcripts for the July 25, 2008 hearing and the IDEA Due Process hearing, refer to the Court Reporter's original, unedited version.  Any final transcripts may contain slightly different page and/or line numbers.

medical condition and her medication, Dembrowsky is not in condition to continue working. The NMPED also states, upon information and belief, that because of the influence of her medical condition and her medication, Dembrowsky is unable to testify in this matter either by deposition before trial or at trial. The NMPED represents that, upon information and belief, Dembrowsky is scheduled to undergo surgery in early November. See id. ¶ 11, at 3.

The NMPED further states, upon information and belief, that Dembrowsky is expected to make a full recovery in approximately six months. The NMPED understands that Dembrowsky would be available to testify in this matter in July or August of 2009. See id. ¶ 14, at 3.

Pursuant to local rule 7.1, the NMPED contacted the Plaintiffs' counsel regarding this motion. The Plaintiffs oppose this motion. The NMPED moves the Court to vacate the trial setting and reschedule for a date in July or August of 2009. The District of Tularosa is no longer educating Matthew Chavez, who currently resides within the Albuquerque Public Schools district.

At the October 16, 2008 hearing, the NMPED argued that it needs Dembrowsky's testimony to cover at least four points: (i) the conversations Dembrowsky had with Duane Ellis, the Special Education Bureau Parent Liason from the NMPED, who has since died, see Transcript of October 16, 2008 Hearing, at 11:18-12:11(Wechsler)("October 16 Tr."); (ii) the context in which Ellis gave case citations concerning whether Tularosa School District was required to cross the threshold of the Chavez' home to take Matthew to school, see October 16 Tr. at 14: 12-18 (Wechsler); (iii) issues that will be raised by the testimony of Plaintiff Beverly Nelson, formerly known as Chavez, see id. at 14:19-24 (Wechsler); and (iv) generally how disabled children are treated in the Tularosa School District, see id. at 15:6-8 (Wechsler).

The Plaintiffs countered that Dembrowsky has already testified on the record on multiple occasions, subject to cross examination, see id. at 21: 4 (Stewart), that the NMPED had ample

opportunity to depose Nelson and discover the issues on which it would like to contradict Nelson's testimony, see id. at 22:7-23:3 (Stewart), and that the District's treatment of disabled children is not relevant to the Plaintiff's claims regarding the NMPED's duties to Matthew Chavez, see id. at 23:4-10 (Stewart).  The Plaintiffs also suggested that they may be willing to stipulate to certain facts as a means of obviating some of Dembrowsky's testimony.  See id. at 21:12-19 (Stewart).

## LAW REGARDING GRANTING CONTINUANCE OF A TRIAL

The United States Court of Appeals for the Tenth Circuit has articulated four factors for evaluating motions for continuance: (i) "the diligence of the party requesting the continuance;" (ii) "the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance;" (iii) "the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance;" and (iv) the need asserted for the continuance and the harm that [the movant] might suffer as a result of the district court's denial of the continuance." United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987).  The Tenth Circuit has also said: "No single factor is determinative and the weight given to any one may vary depending on the extent of the [movant's] showing on the others."  Id.  "[T]he determination whether the denial of a continuance constitutes an abuse of discretion turns largely upon the circumstances of the individual case." Rogers v. Andrus Transp. Services 502 F.3d 1147, 1151 (10th Cir. 2007)(internal quotation marks and citations omitted).

## ANALYSIS

The Court evaluates the motion to vacate the trial and set a new date under that standard which the Tenth Circuit has articulated for continuances.  Under that standard, the Court determines that, while NMPED has not shown a lack of diligence as that term is understood in evaluating a motion to continue, the other factors weigh against granting the motion to vacate and reset the trial

date.  The Court will deny the motion without prejudice to the NMPED renewing its motion if it can determine, with greater specificity than heretofore presented and after consultation with the Plaintiffs' counsel, what evidence Dembrowsky has that is not available in her transcripts or is not available through some other evidence.

I.    **THE COURT DOES NOT FIND THAT THERE WAS A LACK OF DILIGENCE IN SECURING RELEVANT TESTIMONY FROM THIS WITNESS**.

This factor weighs against granting the motion to vacate, but not heavily against. The Court is concerned that the NMPED has never taken Dembrowsky's deposition, given the importance that the NMPED has given to her testimony.  The NMPED contends in its motion that Dembrowksy will be a "star" witness and that her absence at trial will cause the NMPED "significant prejudice." Motion ¶ 19, at 4.  While the NMPED backed off from the "star witness" characterization at the hearing, the NMPED maintains that it will suffer prejudice if it is forced to proceed without her testimony.  Despite the paramount importance of her testimony to the NMPED's defense, the NMPED has not taken the opportunity to depose Dembrowsky.

The failure to depose Dembrowsky does not, however, compel a conclusion that the NMPED lacked diligence.  Although Dembrowsky was the school district's witness and not NMPED's, she is, nevertheless, a friendly witness. The NMPED was not concerned about her refusing to cooperate, and did not feel a need to compel testimony from her before the trial.  Moreover, there is no indication that the NMPED was aware of Dembrowsky's health problems or her impending brain surgery such that they would see a need to preserve testimony.

While the NMPED did not take Dembrowsky's deposition, counsel did interview her and prepare a work-product memorandum of information about which she might testify.  The Court therefore cannot say that the NMPED lacked diligence in obtaining, or preparing to obtain important

testimony from Dembrowsky.

The NMPED also contends that Dembrowsky's testimony is necessary to contradict possible statements that Nelson may make at trial.  See October 16 Tr. at 14:19-24 (Wechsler).  While the Plaintiffs point out that the NMPED never took Mrs. Nelson's deposition, although it could have, the Plaintiffs also recognize that such a deposition may have been duplicative.  See id. at 22:18-19 ("I assume . . . the reason for [not deposing Dembrowsky] was that [the NMPED] thought most of the relevant testimony had already been covered in these other hearings from Ms. Nelson where she's also given extensive testimony.")(Stewart).  It is therefore not reasonable to infer a lack of diligence on NMPED's part in obtaining the evidence necessary to preparing its defense from its failure to depose Nelson.

Given the difficult strategy and pragmatic concerns that govern whether and when to take depositions, and the efforts that the NMPED made to obtain the testimony it needed for trial, the Court cannot say that NMPED lacked diligence.  Nevertheless, because the failure to secure Dembrowsky's testimony must be allocated to one of the parties, in fairness the burden should rest on the NMPED, the proponent of the evidence.  The diligence factor therefore weighs against the NMPED, but not heavily.

## II.  VACATING AND CONTINUING THE TRIAL WOULD NOT NECESSARILY ACCOMPLISH THE PURPOSE UNDERLYING THE NMPED'S NEED FOR A CONTINUANCE.

The purpose of vacating the trial would be to allow the NMPED to put on testimony that it believes is necessary to its defense.  The Court, however, believes that the NMPED overstates the importance of Dembrowsky's testimony and undervalues the testimony of other, arguably more important evidence.  Moreover, there is no guarantee that the Court or the parties will be in any different position in July or August of 2009 than they are now.

The NMPED does not spell out, in any detail, what Dembrowsky is going to say that is not available from some other witness or from some other evidence. It appears that her most important testimony will be her communications with the NMPED. Because this area of testimony is and was also important to the IDEA claims against the NMPED, this area was the subject of extensive testimony and cross examination at the IDEA Due Process Hearing. The parties have the transcript of that testimony for use in this case. At one point in the Due Process Hearing, for example, Dembrowsky testified about her consultations with the NMPED. <u>See</u> Transcript of Proceedings, Due Process Hearing, at 228:8-229:11 (taken September 20, 2004)(Dembrowsky and Stewart)("Transcript of Due Process Hearing").

Q.    Did you Consult with the Public Education Department with regard to the District's responsibility under the circumstances where a student who had an IEP and required special education services, because of his behavioral disability was refusing to come to school and the family was unable to get him to come to school, did you consult with the Public Education Department about what you were to do?

A.    Yes.

Q.    Who did you Consult with?

A.    Duane. And what he sent me were copies of the law that says the School District is not required to cross the threshold.

Q.    Duane Ellis?

A.    Yes.

Q.    What copies of the law was he –

A.    He cited cases to me where school districts are not required to cross the threshold.

Q.    Did Mr. Ellis provide the District with a letter indicating that the State's position was that the District needed to do nothing?

A.    No.

> Q.      He just sent you copies of the cases?
>
> A.      Uh-huh.

Id. (Dembrowsky and Stewart).   The NMPED argues that, because Ellis has passed away, Dembrowsky is the only one who can testify about the context of her communication with him.  See October 16 Tr. at 11:22-24 (Wechsler).  The NMPED raises a valid concern, but it is unclear what testimony the NMPED needs beyond what already exists in the record, and whether that unrecorded testimony would be sufficiently essential to the NMPED's case to justify a significant delay in bringing this case to an end.

The NMPED also argues that it would have Dembrowsky testify regarding the District of Tularosa's willingness and ability to provide an education for Matthew, and about the education that was provided to Matthew.  See Motion ¶ 7, at 2.  Again, the Court finds extensive testimony on those subjects in the record.  For example, at the Stay Put Hearing, Dembrowsky testified:

> Q.   There's a statement in that paragraph that says that Matthew is not receiving the academic education he deserves.   Do you agree with that statement?
>
> A.   No.  I think Matthew is getting an ex-extraordinary education it includes behavior and academics.

Transcript of Stay Put Hearing at 170:23-24 (taken January 26, 2006)(Coppler and Dembrowsky)("Stay Put Tr.").   Dembrowsky has elaborated extensively on the District's willingness to provide Matthew with an education.  See Transcript of IDEA Evidentiary Hearing at 162-168 (Dembrowsky)(taken July 25, 2008)(Doc. 157)("Evidentiary Hearing Tr."); id. at 183:24-184:3.

Dembrowsky's previous testimony has all been in the context of the IDEA.  While the focus of the trial is not on the IDEA and will be on the discrimination claims, that fact does not necessarily

cut entirely in favor of vacating the trial.  There certainly might be some more questions that the parties wish they had asked about the events surrounding the discrimination claims, but there is substantial overlap.  The underlying facts are not as compartmentalized as the NMPED suggests.  The claims may be different, but the facts remain the same facts.  The Court is not convinced that the IDEA case and the discrimination case are so different that Dembrowsky's testimony would be substantially different in the two cases.

Moreover, Dembrowsky was an employee of the District and not of the NMPED.  The upcoming trial will focus more on what the NMPED knew and did, and not on what the District did or did not do.  While Dembrowsky no doubt has some testimony about those topics, the Court is skeptical whether she is the best witness for the NMPED on those issues.  The Court predicts that employees from the NMPED will be NMPED's most important witnesses, because they will explain why the NMPED did not actively intervene in Matthew Chavez' case.

The uncertainty surrounding Dembrowsky's recovery time and her ability to testify in July or August of 2009 also give the Court pause.  If Dembrowsky's incapacity continued through the period that the NMPED has required, it would delay this case for several months, and the NMPED still would not have this witness.  The Court therefore finds that the NMPED's purposes would not necessarily be advanced by vacating the trial date.

In sum, the Court is not convinced that the NMPED will experience severe prejudice from the Court's refusal to vacate the trial.  The NMPED has some transcripts, the Court believes that they will be useful to the claims remaining for trial, the Court is not convinced that Dembrowsky is the NMPED's most important witness, and the Court believes that the focus of the trial will be on what the NMPED did and not on what District of Tularosa employees did.  In sum, the Court concludes that the NMPED overstates the importance of Dembrowsky to this trial, and understates

-10-

the value of the extensive testimony it already has secured from her and the other evidence that it has.

### III.    MOVING THE TRIAL DATE TO JULY OR AUGUST OF 2009 WOULD INCONVENIENCE THE OPPOSING PARTY.

The NMPED has characterized the delay and inconvenience in moving the trial date to July or August of 2009 as "slight." That would be a delay of at least eight months. The Court believes that the requested delay is significant and should not be granted without good reason.

Counting the administrative IDEA proceedings, this case has been in litigation for half of a decade. Even if the November trial date remains firm, the prospect that either side might appeal cannot be ruled out, and thus further work remains to be done on this case. In the midst of that progression, the NMPED has asked the Court to delay the trial for up to nine months. Moreover, the NMPED cannot guarantee that Dembrowsky will be in a condition to testify by July or August of 2009. See October 16 Tr. at 15:25-16:3 (Wechsler).

At the October hearing, the Court asked the Plaintiffs what prejudice they would realistically suffer given that the trial is for money and given that Mathtew Chavez is no longer a student with the District of Tularosa. See October 16 Tr. at 23:22-25 (Court). In response, the Plaintiffs' counsel indicated that the apprellate courts had sometimes dismissed their cases when a student became an adult and was no longer in the public educational system. See id. at 24:1-23 (Stewart). Plaintiffs' counsel reminded the Court that Matthew Chavez is now a junior in high school, and that if the Court vacated the trial to the date that the NMPED proposed, it would occur seven or eight months before Matthew Chavez is projected to graduate from high school. See id. While Plaintiffs' counsel did not cite any precedent for their contention, the NMPED did not dispute that such scenarios had occurred. Thus, the Court has no reason to doubt the possibility of substantial prejudice to be real.

-11-

The Court finds such a long delay to be substantially prejudicial.  The Plaintiffs have been waiting for a very long time to have their day in court on these issues, and another nine-month wait should not be undertaken without a strong justification.  The NMPED has not adequately justified its request.

## IV.   THE NMPED HAS NOT ADEQUATELY SHOWN THAT IT WILL SUFFER GREAT HARM FROM THE COURT'S DENIAL OF THE MOTION TO VACATE.

The NMPED contended in its motion that Dembrowsky is one of its "star" witnesses.  While the NMPED backed off from that characterization at the hearing, the NMPED maintains that Dembrowsky's testimony lies at the heart of this case and is central to the NMPED's defenses.  The NMPED asserts that Dembrowsky's testimony on the issues surrounding the Plaintiffs' discrimination claims is essential for the NMPED's defense against the Plaintiffs' claims.  The NMPED contends that it would suffer significant prejudice if it is forced to go to trial without Dembrowsky.  The NMPED contends that the Plaintiffs will suffer no prejudice if the trial setting is vacated and reset for a date in July or August of 2009.

For purposes of this motion, the Court will assume that Dembrowsky is unavailable for the purposes of the present trial setting.  Even under such an assumption, the Court finds that the NMPED has not established that it will suffer great harm if it is forced to go to trial without the benefit of live testimony from Dembrowsky.  The Court is not convinced, on the record before it, that Dembrowsky's prior sworn testimony does not provide what the NMPED needs, that there is no other witness who is able to testify to many of the matters to which Dembrowsky is able to testify, or some resolution short of vacating the trial date will not solve the NMPED's problems.

First, several of the issues on which the NMPED wishes Dembrowsky to testify are covered in the IDEA proceedings.  The NMPED listed four specific areas of testimony that it needed to

-12-

establish its defense.  <u>See</u> October 16 Tr. at 11:18-15:8 (Wechsler).  The first two deal with communications between Duane Ellis at the NMPED and Dembrowsky – which allegedly are "at the heart of Plaintiffs [sic] discrimination claims."  Motion ¶ 7, at 2.  The Court has already discussed the prior testimony in which Dembrowsky discusses these communications.  It is not clear, on the record before the Court, what Dembrowsky has said that is not already available.  The Court recognizes that the NMPED would like to have Dembrowsky appear in person so that it can elicit more detailed testimony about the context of these communications.  Nonetheless, the NMPED has not yet demonstrated that Dembrowsky will be able to provide testimony that is relevant to the NMPED's defenses, uniquely within her range of knowledge, and, at the same time, not duplicative of what is already in the record.

The focus of this case is now more on what the NMPED should have done, rather than on what the District did not do.  Thus, the Court is skeptical that Dembrowsky – an employee of the Tularosa School District – is the most important defense witness in this case.  With the focus being on the NMPED and what it should have done, it seems likely that employees of the NMPED should be more important witnesses.  It also does not appear that Dembrowsky's absence forecloses any important defense theories.

Moreover, the Court has found that the Plaintiffs will suffer prejudice if the Court vacates the trial until Dembrowsky can testify.  The NMPED is speculating when she will be available.  The Plaintiffs would be prejudiced to wait until July or August of next year only to find out that the parties are in no different position than they are today with the transcripts that they already have. When weighed against the prejudice to the Plaintiffs that a long delay would ocassion, the Defendant's inability to examine Dembrowsky at trial seems less severe.

The other factors – diligence and the likelihood of accomplishing the purposes of the

continuance – do not change the determination to deny the motion.  While the Court cannot say that the NMPED was not diligent, the consequences and burdens of not deposing her must lie with one of the parties, and fairness dictates that the burden be with the NMPED.  The prejudice to the Plaintiffs, and the fact that the continuance will not necessarily accomplish the NMPED's stated goals, weigh strongly against granting this motion.  The Court therefore is not convinced that good cause exists to continue or to vacate the trial setting.  The Court is also not convinced that good cause exists to reset the trial for a date when Dembrowsky is available.  Accordingly, the Court will deny the motion without prejudice to the NMPED making a better showing of good cause to vacate and/or to delay the trial until the middle of next year.

**IT IS ORDERED** that the NMPED Motion to Vacate and Reschedule the Trial Setting is denied without prejudice to the Defendant New Mexico Public Education Department making a better showing of good cause to vacate the November 2008 trial setting, and to not reset for a date in July or August of 2009 or whenever Connie Dembrowsky is expected to be available.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Tara Ford
  Pegasus Legal Services for Children
Albquerque, New Mexico

-- and --

-14-

Gail Stewart
  Steven Granberg Attorney at Law, P.C.
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Stephen S. Hamilton
Jeffrey J. Wechsler
Andrew S. Montgomery
  Montgomery & Andrews, P.A.
Santa Fe, New Mexico

*Attorneys for the Defendant New Mexico*
  *Public Education Department*

Michael L. Carrico
  Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

*Attorneys for Albuquerque Public Schools*