IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIMON and BEVERLY CHAVEZ,
on behalf of their minor son,
MATTHEW CHAVEZ,

       Plaintiffs,

vs.                                                         No. CIV 05-0380 JB/CG

BOARD OF EDUCATION OF TULAROSA
MUNICIPAL PUBLIC SCHOOLS; the
NEW MEXICO PUBLIC EDUCATION
DEPARTMENT; and VERONICA GARCIA,
Secretary of the NMPED in her
individual and official capacity,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant New Mexico Public Education Department's Objections to Plaintiffs' Transcript Designations and Additional Designations by Defendant, filed November 5, 2008 (Doc. 186)("Objections").  The primary issue is whether evidence of what Tularosa Municipal Public Schools pays its teachers is related to Plaintiffs Simon Chavez and Beverly Nelson's request for damages.  For reasons stated on the record and other reasons consistent therewith, the Court will overrule Defendant New Mexico Public Education Department's objections.

**BACKGROUND**

The NMPED objects to deposition testimony at pages 185:2-5, 15-17, 20-25; 186:1-187:5; and 187:23-188:12 of the July 25, 2008 IDEA Hearing Transcript (Doc. 157) that establishes what teachers and teachers' aides earn on the grounds that it is not relevant to any issue before the Court.

See Objections at 1.[1]  Specifically, the NMPED points out that Plaintiffs Simon Chavez and Beverly Nelson seek damages for lost earnings, loss of education, and for lost education opportunity.  See November 10 Transcript at 9:1-15 (Hamilton)("Tr.").[2]  Thus, according to the NMPED, evidence of what teachers and teachers' aides earn does not speak to Ms. Nelson's lost earnings, nor does it constitute relevant proof of the value of education that Matthew Chavez lost.  See id. (Hamilton). The NMPED argues that the Court should therefore exclude this testimony as not relevant under rule 402 or as unduly confusing under rule 403 of the Federal Rules of Evidence.  See Tr. at 9:23-25 (Hamilton).

In response, Mr. Chavez and Ms. Nelson maintain that, during the time that Matthew Chavez was out of school, Ms. Nelson was the only one providing him with educational services.  They therefore argue that evidence of what education personnel in Tularosa at the time Matthew Chavez was out of school is relevant to measuring the value of the education that Matthew lost and that his mother had to make up on her own.  See id. at 8:20-25 (Stewart).

## ANALYSIS

The Federal Rules of Evidence operate under a presumption that relevant evidence is admissible.  See FED. R. EVID. 402.  Evidence is relevant if it has "any tendency to make the

---

[1] The NMPED also objects to designations from the July 14, 2006 Deposition of Duane Ellis at 58:4-6 ("Ellis Depo.") and from the September 2004 Due Process Hearing Testimony of Constance Dembrowsky at 134:2-7 because the questions call for speculation, and because Ms. Dembrowsky's answer is speculation.  While the questions perhaps lack a full foundation, they do not call for speculation, and in both cases, the answer indicates the witness does not know the answer.  Also, Mr. Ellis' answer is not speculation, but states: "I couldn't make that determination." Ellis Depo. at 58:6.  Because the Court concludes that the questions do not introduce speculative evidence into the record, the Court will overrule the objections to Mr. Ellis' and Ms. Dembrowsky's testimony.

[2] The Court's citations to the transcript of the hearings refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  Thus, the issue here is whether evidence of the pay that a teacher or teachers' aide who provides services to a student like Matthew Chavez makes the existence of any fact of consequence in this lawsuit more or less true.

Mr. Chavez and Ms. Nelson assert that the fact of consequence is the amount of damages, measured, in part, by the value of the educational services of which the NMPED purportedly deprived Matthew Chavez.  The NMPED has not argued that Mr. Chavez and Ms. Nelson cannot recover such damages.  Assuming that such damages are recoverable, the Court agrees that the proffered evidence is related to the determination of such damages.  The value of "lost education" is, in many respects, intangible, and indirect methods of measuring it, while imperfect, tend to provide a rough estimate.  The method that Mr. Chavez and Ms. Nelson have presented is such an indirect method.  Rather than focusing solely on the value of the services to Matthew Chavez, they wish to show evidence of what it costs for someone to provide those services to Matthew Chavez. What educational services would cost to provide is not a perfect measure of what Matthew Chavez lost in terms of those services, but it is helpful to the calculus.

Mr. Chavez and Ms. Nelson wish to argue that they lost certain value because Matthew Chavez did not receive Free and Appropriate Public Education ("FAPE"), and that, as a consequence, they had to provide the education at their own expense in terms of time and resources. The value of the services of which Matthew may have been deprived bears on that determination and is therefore relevant.  For the same reasons, the Court does not believe that the proffered evidence regarding teachers and teachers' aide salaries confuses the issues.  See FED. R. EVID. 403.

The Court will therefore overrule the NMPED's objection to the evidence regarding what a teacher or teachers' aide would make to provide educational services to a student like Matthew

Chavez in Tularosa at the time that Matthew was allegedly denied FAPE.

**IT IS ORDERED** that the objections contained in Defendant New Mexico Public Education Department's Objections to Plaintiffs' Transcript Designations and Additional Designations by Defendant are overruled.[3]

```
                                   _____
                                   UNITED STATES DISTRICT JUDGE
```

Counsel:

Tara Ford
Pegasus Legal Services for Children
Albquerque, New Mexico

-- and --

Gail Stewart
Steven Granberg Attorney at Law, P.C.
Albuquerque, New Mexico

---

[3] The NMPED also raised a third set of objections regarding the June 28, 2005 30(b)(6) deposition testimony. See Objections at 3. It is not necessary for the Court to rule on those objections because the parties have worked them out. See November 12 Transcript at 4:1-12 (the Court, Stewart, Hamilton). Also, the parties resolved any issues relating to the NMPED's request that additional portions of the depositions be read to the jury. See id. at 4:13-19 (the Court, Stewart, Hamilton).

*Attorneys for the Plaintiff*

Gerald Copper
John Appal
Copper & Annick, P.C.
Santa Fe, New Mexico

*Attorneys for Defendant Board of Education of Tularosa Municipal Schools*

Stephen S. Hamilton
Jeffrey J. Wechsler
Andrew S. Montgomery
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

*Attorneys for the Defendant New Mexico
   Public Education Department*

Michael L. Carrico
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

*Attorneys for Albuquerque Public Schools*