**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SIMON and BEVERLY CHAVEZ,
on behalf of their minor son,
MATTHEW CHAVEZ,

Plaintiffs,

vs. No. CIV 05-0380 JB/RLP

BOARD OF EDUCATION OF TULAROSA
MUNICIPAL SCHOOLS; the NEW MEXICO
PUBLIC EDUCATION DEPARTMENT; and
VERONICA GARCIA, Secretary of the
NMPED in her individual and official capacity,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Clarify Declarations of Law in IDEA Order Against the Public Education and to Alter or Amend Judgment to Include Injunctive Relief and Memorandum in Support, filed November 24, 2008 (Doc. 224). Having carefully considered the briefing, the Court has determined that a hearing is not necessary. The primary issues are: (i) whether the Court should clarify the holding of its November 17, 2008 Memorandum Opinion and Order (Doc. 219)("MOO"); and (ii) whether the Court should grant an injunction prohibiting enforcement of NMAC 6.31.13(I)(3)(d). The Court believes that its November 17 MOO was sufficiently clear in articulating what the New Mexico Public Education Department's obligations are with respect to Plaintiffs Simon Chavez and Beverly Nelson, and to their son Matthew Chavez – at least as far as this lawsuit is concerned. There is no need for further clarification. Because an injunction of the regulation at issue would go beyond the scope of this lawsuit, the Court will not enjoin its enforcement.

## PROCEDURAL HISTORY

The factual and procedural background to the Plaintiffs' case under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-82 ("IDEA"), is set forth in detail in the Court's November 17, 2008 MOO. Briefly, the Plaintiffs asserted three claims against the New Mexico Public Education Department ("NMPED") pursuant to the IDEA. First, the Plaintiffs alleged that the NMPED is an agency of the State of New Mexico that monitors Tularosa Municipal Schools and other local school districts in the State for compliance with its rules and standards. See First Amended Complaint ¶ 8, at 3. Consequently, under the IDEA, the NMPED may be directly responsible for the provision of education to students with disabilities pursuant to 20 U.S.C. § 1413(h)(1) and 34 C.F.R. § 300.360. Second, the NMPED knew that their son Matthew and other students in the autism spectrum with complex behavioral needs were not, and are not, being provided appropriate educational placements by the Tularosa Schools and other public school districts, and failed to act to require that an appropriate placement be provided or to offer an appropriate placement consistent with its obligations under IDEA and, as a result, Matthew was denied a Free and Appropriate Public Education ("FAPE"). Third, in violation of IDEA, the NMPED supported Tularosa Schools' refusal to develop an appropriate program for Matthew, which constitutes an abdication of its supervisory responsibility to enforce IDEA in this state and to ensure that all children with disabilities are provided FAPE in accordance with the IDEA.

This case underwent a two-tiered administrative process, beginning with a hearing before the Due Process Hearing Officer ("DPHO") and continuing with and appeal to the Administration Appeal Officer ("AAO"). After completing the administrative process, the Plaintiffs appealed certain findings and conclusions from the administrative process to this Court. The primary issues raised in the appeal from the administrative process were: (i) whether the AAO erred by failing to

exercise jurisdiction over claims against the NMPED; (ii) whether the NMPED had a duty under the IDEA to make certain that the Tularosa Schools, and if not Tularosa Schools, then the NMPED provided educational services to Matthew Chavez; and (iii) whether equitable relief should include reimbursement for Beverly Chavez' efforts in home schooling Matthew during the time he was not in school, compensatory education, injunctive and declaratory relief, and systemic relief to ensure, across the State of New Mexico, an adequate continuum of alternative placements for Matthew as a student with autism.

The Court held a two-day evidentiary hearing on July 25, 2008 and August 1, 2008. The parties stated that they wished to supplement the record with the additional exhibits and testimony. See Transcript of Evidentiary Hearing at 37:3-9 (July 25, 2008)(Doc. 157)("July 25 Tr.")(Court, Stewart & Wechsler). Accordingly, the Court allowed the parties to supplement the record, although the Court did not incorporate all evidence presented at the July 25, 2008 and August 1, 2008 hearings into the administrative record. Rather, the Court incorporated select portions of evidence that it found to be helpful to making a final determination.

On November 17, 2008, the Court entered its final order on the Plaintiffs' IDEA claims. See MOO at 1-2. The Court found that the AAO's conclusion that she did not have jurisdiction over the NMPED was error and that the NMPED was a proper party to the administrative process. The Court further found that the NMPED denied Matthew FAPE for the 2003-2004 and 2004-2005 school years, and that the NMPED violated the IDEA. The Court did not, however, order remedies or compensation for this violation. See MOO at 51.

The Plaintiffs now move the Court to clarify the November 17 MOO and to enjoin the enforcement of NMPED regulation NMAC 6.31.13(I)(3)(d). Although their Motion comes ostensibly as a rule 59(e) motion to alter or amend a judgment, there is language in the Motion

suggesting that the Plaintiffs interpret the November 17 MOO as an order for declaratory relief, and that they are now asking the Court to issue declaratory relief to more explicitly settle the legal relationship between NMPED, the Plaintiffs, and Matthew. See Motion at 4 ("Plaintiffs seek specific declarations which Plaintiffs believe are inherent in the Court's MOO, but if made more explicit would help to further settle the legal relationship between parties. The Tenth Circuit has identified several factors that courts should consider when determining whether to issue declaratory relief."). The Plaintiffs contend that a clarifying declaration is necessary in this case because the NMPED has "steadfastly rejected the very analysis set forth by the Court regarding its responsibilities under IDEA, and because NMPED has gone so far as to issue a regulation inconsistent with the Court's analysis." Motion at 5.

**1. The Plaintiffs' Requested Declarations.**

The Plaintiffs seek a declaration that: (i) "[p]arents' communication to NMPED that their children are being denied FAPE can constitute notice to NMPED that it may need to act to ensure provision of FAPE including, if appropriate, providing or arranging for the provision of direct services," Motion at 7; (ii) "[t]he NMPED is required to provide direct services to students as set forth by IDEA provision mandating SEA responsibility for direct services regardless of how the state structures its provision of educational services to students in New Mexico," id.; and (iii) "[t]here is no requirement for formal determination by a due process hearing officer that a child is being denied FAPE prior to NMPED being on notice that it must determine whether it is required to provide direct services pursuant to IDEA," id.

The Plaintiffs point out that Matthew continues to be a student in New Mexico. Matthew now attends school in the Albuquerque Public Schools system. The Plaintiffs argue that, despite Matthew's continuing entitlement to an education, NMPED has demonstrated a pattern of refusing

to act to ensure that Matthew receives education services. See Motion at 6. As evidence supporting their contention that NMPED refuses to act to ensure that Matthew receives services to which he is entitled, the Plaintiffs cite other litigation that is being pursued on Matthew's behalf, including a state complaint that was filed after Matthew was denied thirty-six days of FAPE, and Nelson v. Albuquerque Public Schools, No. Civ. 07-1027, which is pending before the Honorable Judge Judith Herrera, in the United States District Court for the District of New Mexico. According to the Plaintiffs, the posture that the NMPED has adopted in those other cases illustrates that NMPED does not wish to carry out its responsibilities under the IDEA. See Motion at 6.

The NMPED counters that a motion to clarify the Court's November 17 MOO is unnecessary. See Response of Defendant New Mexico Public Education Department to Plaintiffs' Motion to Clarify Declarations of Law in IDEA Order Against the Public Education Department and to Alter or Amend Judgment to Include Injunctive Relief and Memorandum in Support at 2, filed December 10, 2008 (Doc. 232)("Response"). The NMPED argues that the "Plaintiffs cite to sections of the 52 page MOO on the IDEA claim for every proposition on which they seek a declaration." Response at 2. NMPED contends that, given the fact that the Plaintiffs can cite passages from the November 17 MOO to support all three declarations they seek, "it is hard to imagine what additional guidance they believe is necessary or what argument Plaintiffs believe the Court overlooked." Response at 3. Finally, the NMPED states that it is capable of reading and understanding the Court's IDEA order. NMPED represents that, "[o]nce this case is final, the NMPED has every intention of fully complying with the final decisions of the courts. In the meantime, an additional court order covering issues already fully addressed in unnecessary and improper." Id.

The Plaintiffs reply that "[i]t appears from NMPED's response to Plaintiff's [sic] motion that

NMPED is conceding" the declarations they requested. Plaintiffs' Reply in Support of Their Motion to Clarify Declarations of Law in IDEA Order Against the NMPED and to Alter or Amend Judgment to Include Injunctive Relief and Memorandum in Support at 1, filed December 22, 2008 (Doc. 235)("Reply"). The Plaintiffs also insist that clarification of the November 17 MOO is "more important than ever" because of the ongoing relationship that exists between the NMPED and Matthew as Matthew continues to reside in New Mexico. Reply at 2.

**2. NMAC 6.31.13(I)(3)(d).**

The Plaintiffs ask the Court to enjoin the enforcement of NMAC 6.31.13(I)(3)(d), which states:

> [A]n IDEA due process hearing provides a forum for reviewing the appropriateness of decisions regarding the identification, evaluation, placement or provision of a free appropriate public education for a particular child with a disability by the public agency that is or may be responsible under state law for developing and implementing the child's IEP or ensuring that a FAPE is made available to the child; the IDEA does not authorize due process hearing officers to consider claims asserting that the department should be required to provide direct services to a child with a disability pursuant to 20 USC Sec. 1413(g)(1) and 34 CFR Sec. 300.227 because the responsible public agency is unable to establish and maintain appropriate programs of FAPE, or that the department has failed to adequately perform its duty of general supervision over educational programs for children with disabilities in New Mexico; accordingly, a due process hearing is not the proper forum for consideration of such claims and the department will decline to refer such claims against it to a hearing officer; such claims may be presented through the state-level complaint procedure under Subsection H of 6.31.2.13 NMAC above.

6.31.13(I)(3)(d). The Plaintiffs insist that this regulation, which was issued in 2007, is illegal and that the Court should explicitly declare that the regulation violates the IDEA. See Motion at 8. The Plaintiffs argue that, because the regulation prohibits appointment of a due-process hearing officer for claims asserting NMPED's responsibility to provide direct services under IDEA "in direct contravention of the Court's order in this case, Plaintiffs request that this Court clarify that it's [sic] MOO declares that NMPED's legal position as enshrined in its regulation violates IDEA." Motion

at 8.

The NMPED urges the Court not to issue a declaration addressing matters outside the allegations in the Complaint. See Response at 3. The NMPED notes that this lawsuit is not a class action, and it is improper for the Plaintiffs to seek a declaration addressing the application of the law to facts outside those raised in the Complaint. See Response at 3. The NMPED notes that the regulation that the Plaintiffs ask the Court to address was issued in 2007, while IDEA claims in this case arose out of events that occurred during the 2002-03, 2003-4, 2004-05, and 2005-06 school years. Furthermore, a due-process hearing addressing the Plaintiffs' allegations was held on 2004. Thus, according to the NMPED, the 2007 version of the regulation has nothing to do with the claims asserted in this case. See Response at 3.

The Plaintiffs reply that, because the NMPED has regulations that contradict the Court's November 17 MOO, and because Matthew is still a student in New Mexico, an injunction is necessary to ensure that Matthew is able to seek redress through the administrative process for his claims against the NMPED. See Reply at 3. The Plaintiffs argue that, without an injunction, any administrative IDEA due-process hearing officer considering an administrative claim against the NMPED by Matthew would have to choose between conformance with this Court's November 17 MOO or conformance with the state regulation. See Reply at 3. The Plaintiffs further assert that, without an injunction, Matthew may again have to battle through years of litigation in order to have his claims against the NMPED heard. See id.

**THE LAW REGARDING RULE 59(e) MOTIONS**

A motion to reconsider that is filed within ten days of a final judgment is considered to be a rule 59(e) motion to alter or amend the judgment. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) states: "A motion to alter or amend a judgment must be

filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The grounds warranting such a motion are "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. On a motion brought under rule 59(e), "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of Paraclete v. Does, 204 F.3d at 1012.

## ANALYSIS

The Motion appears to contain requests for two different forms of relief: (i) declaratory relief; and (ii) an order altering or amending the judgment. Because the Plaintiffs, through the Motion, ask the Court to modify its November 17 MOO, for which final judgment has been entered, and because the Motion comes within ten days of final judgment, the Court will treat it as a motion to alter or amend under rule 59(e). See Servants of Paraclete v. Does, 204 F.3d at 1012. Under rule 59(e), a Court may alter or amend a final judgment only under limited circumstances, none of which are present in this case. If the Court were to interpret the request for declaratory relief as anything other than a motion to alter or amend the judgment, it would appear as if the Plaintiffs were attempting to smuggle an essentially new lawsuit for declaratory relief into a post-judgment motion without following the procedures for instituting a new lawsuit. The Court will therefore assume that the Plaintiffs are merely requesting that the Court alter or amend the judgment by amplifying its impact. The Court declines to do so. The Court has declared the law the best it can, and the Court does not believe there is any dispute about the Court's interpretation of the law. The question is whether the NMPED intends to conform its conduct to the Court's interpretation or to continue to exempt itself from the due-process hearings.

Moreover, to the extent that the Plaintiffs seek to invite the Court to delve into matters

extraneous to this litigation – and in some cases, directly impacting other lawsuits in which the Plaintiffs are presently involved – the Court declines the invitation, and will limit its consideration to this case and the claims raised in the operative Complaint.

## I. CLARIFICATION OF THE COURT'S PRIOR HOLDING IS UNNECESSARY.

The Plaintiffs have not argued in this Motion that the MOO should be modified because there has been an intervening change in controlling law, because new and previously unavailable evidence has emerged, or because the Court committed clear error. Rather, they state that the requested clarifications – which reflect either modifications to the existing order or declarations on new claims – are necessary to prevent manifest injustice. They do not adequately explain, however, how manifest injustice will occur in this lawsuit without the relief they seek.

The November 17 MOO reflects the Court's consideration and determination of the Plaintiffs' IDEA claims against the NMPED in this lawsuit. In their Motion, the Plaintiffs correctly characterize the Court's MOO to the extent that they point out that: (i) the NMPED violated the IDEA by not compelling Tularosa Schools to comply to provide FAPE to Matthew, or by not stepping in and itself providing direct services to Matthew; and (ii) the DPHO and the AAO erred in declining to exercise jurisdiction over the NMPED. See Motion at 4. The Court stated in relevant parts of its MOO:

> If the NMPED fails to intervene, and either compel the LEA's compliance with the IDEA or provide direct services where it is required to do so, then it is subject to a claim. The NMPED is a properly named defendant in this lawsuit, and the Due Process Hearing Officer had jurisdiction. The Court therefore disagrees with DPHO Conclusion of Law ¶ 3 that the Due Process Hearing Officer did not have jurisdiction over claims against the NMPED. See AAO Decision at 13-15.
>
> . . . .
>
> The language, structure, and history of the IDEA lead the Court to believe that, when an SEA finds out that an LEA, in contravention of the IDEA, refuses to offer

> educational services to a student with disabilities, and the SEA either does nothing, or affirmatively encourages the LEA in its noncompliance with the IDEA, the SEA may be liable for the violation.

MOO at 30, 32. This passage, and other language from the November 17 MOO, demonstrate that the Court made relatively clear findings with respect to whether the NMPED violated the IDEA on the facts of this case.

The Court does not believe that either party misunderstands the Court's holding. Rather, the Court believes that the Plaintiffs wish for the Court to make broader declarations with broader implications than what the Court was willing to make in the November 17 MOO. The Plaintiffs do not, at any point in their briefing, point to a manner in which the NMPED might not be able to comply with the MOO. The Plaintiffs have difficult pointing to directions with which the NMPED cannot comply, because, while the Court found that the NMPED violated the IDEA, the Court did not order any relief from the NMPED. In other words, the Court did not order further action by the NMPED in its MOO. The MOO puts the NMPED on notice that if, in the future, it finds itself in circumstances similar to those raised in this lawsuit, it might be liable for a violation. The Court did not go further because it believed – and continues to believe – that doing so would be inappropriate in this case.

The Plaintiffs are understandably unsatisfied with that aspect of the Court's holding. At the same time, the Court does not believe they are correct to say that the MOO leaves Matthew a right without a remedy. One reason why the Court found further remedy unnecessary against the NMPED is that Matthew received an appropriate remedy through the administrative process. The Court did not believe that any additional remedy was appropriate.

The Plaintiffs point out that the NMPED continues to be recalcitrant in other lawsuits and circumstances with regard to taking action that would be consistent with the MOO. Nevertheless,

the Court will not insinuate itself into other lawsuits and conflicts which are not before it. The Court's MOO is binding on the parties to this lawsuit in the context of the claims asserted in this lawsuit. The Court will not modify its MOO in an attempt to expand the MOO's scope and to reach out to impact other possible litigation in which Matthew might be involved against the NMPED. The MOO sufficiently apprises the parties to this case of their duties to each other with respect to this litigation. The Court need not go further.

## II. THE COURT WILL NOT ENJOIN THE ENFORCEMENT OF NMSA 6.31.13(I)(3)(d).

The Plaintiffs' request to enjoin the enforcement of NMSA 6.31.13(I)(3)(d) constitutes a new request for relief that was not raised in the briefing on the original IDEA claim. A motion to alter or amend a judgment brought pursuant to rule 59(e) is not the appropriate avenue to request relief that a plaintiff could have requested before the Court entered final judgment. On a rule 59(e) motion, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of Paraclete v. Does, 204 F.3d at 1012. In this case, the Plaintiffs seek to advance an argument that they could have raised in a prior filing. It is therefore inappropriate. The current form of the regulation has existed since 2007. The briefing on the IDEA claims in this case was not completed until November 2008. There can therefore be no contention that this regulation came to light after the judgment, and that it constitutes new evidence necessitating that the Court revisit the final judgment.

Moreover, the Court is not convinced that it is necessary to enjoin the enforcement of NMSA 6.31.13(I)(3)(d) to permit full implementation of its MOO. It might be true that the regulation conflicts with the Court's finding that the NMPED should have participated in the administrative process in this case. It might also be true that the NMPED has chosen to retain the regulation in the

hope that the Tenth Circuit will resolve the possible split in authority that exists in the District of New Mexico regarding whether the DPHO or the AAO might, in appropriate cases, have jurisdiction over the NMPED as a party. Even if those two propositions are true, the Court does not see what they have to do with this lawsuit. The Court issued a clear order finding that, NMPED policy notwithstanding, in this case, NMPED's stance and behavior constituted a violation of the IDEA. Although the Court did not order any further relief against the NMPED, the NMPED now has at least one Court on the record finding that, under some circumstances, its chosen approach can result in liability under the IDEA.

For the Court to go further – on a motion to alter or amend a judgment no less – would make the Court appear somewhat as a roving legislature. A primary justification that the Plaintiffs give for enjoining the regulation is that, "because the NMPED has regulations directly contradictory to the Court's declaration and because Matthew continues to be a student in New Mexico, further relief is required to ensure that Matthew is able to seek redress through the administrative procedures available under IDEA for his claims against the NMPED." The argument, by its terms, betrays the fact that the requested injunction is not about this lawsuit, but about other lawsuits in which Matthew is, or might be, involved.

The Tenth Circuit has observed that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979). Courts may, when appropriate, take judicial notice *sua sponte*. See id. Accordingly, the Court notes that Ms. Nelson has a lawsuit on behalf of Matthew pending in the United States Court for the District of New Mexico in front of Judge Herrera. That litigation has produced at least one judicial opinion which might contradict the

MOO is some regards. See Nelson v. Albuquerque Public Schools, No. Civ. 07-1027, Memorandum Opinion and Order at 11 (January 7, 2009). In Nelson v. Albuquerque Public Schools, Judge Herrera held that

> until Plaintiffs exhaust their administrative remedies under the IDEA with regard to their claims against APS, their claims against the NMPED are premature . . . because there can be no determination that an SEA has failed to ensure compliance with the IDEA until there is a determination that the LEA has violated the IDEA.

Nelson v. Albuquerque Public Schools, No. Civ. 07-1027, at 11. In light of Nelson v. Albuquerque Public Schools and this Court's November 17 MOO, it is possible that the NMPED and any due-process hearing officer facing an attempt by a plaintiff such as the Plaintiffs in this case to include the NMPED in the administrative process faces conflicting district court opinions regarding the correct course of action. At this point, however, such a predicament is not the Court's concern.

The Court decided the IDEA claims based on the Plaintiffs' operative Complaint and upon the arguments raised in this lawsuit. Without regard to what was happening in other unrelated lawsuits involving Matthew, the Court issued its ruling and found that the NMPED had violated the IDEA. Thus, while the Plaintiffs argue that future due-process hearing officers face the conundrum of either following this Court's opinion or following the regulation, as a procedural matter, a conundrum does not exist. The Court's order concerned this case, and the action of the DPHO and the AAO in the administrative proceeding to this case. The Court found that there was an error where the DPHO failed to exercise jurisdiction. Future hearing officers will probably not treat the November 17 MOO as binding, because district court opinions are not, as a matter of law, binding authorities except on the parties,[1] and the NMPED is, respectfully, declining to find the Court's

[1] Given that the due-process officers are employees of the NMPED, there is a theoretical possibility that, in other litigation in the state, the Plaintiffs could raise collateral estoppel against the NMPED on issues that the Court decided in this case. The Court is not aware whether the

interpretation of the law as binding on it in other cases. See United States v. Worthon, 520 F.3d 1173, 1179-80 (10th Cir. 2008). The future hearing officers will probably follow the policies that the NMPED has decided to implement rather than this Court's interpretation of the IDEA. At the same time, the NMPED is aware that at least one district court has ruled in such a way that its refusal to join due-process proceedings may raise questions of liability in the future. Beyond that, if there is a conflict between different judges in the District of New Mexico, it will be an issue for the Tenth Circuit to resolve.

In the meantime, the Court will not attempt to add force to its previous ruling by announcing that, as a general proposition, NMSA 6.31.13(I)(3)(d) is invalid. The Plaintiffs have alluded to the difficulties they might face in their other lawsuit without an injunction. Given the Plaintiffs' references to the other lawsuit, an injunction at this juncture would have the appearance of being an attempt by the Court to override part of Judge Herrera's holding in Nelson v. Albuquerque Public Schools. In other words, the Plaintiffs are not only asking the Court to offer relief that is beyond the scope of the original lawsuit, but they are also potentially asking the Court to attempt to impact proceedings on Judge Herrera's docket. Such action not appropriate, and the Court will not indulge such a request.

In sum, neither form of relief that the Plaintiffs seek on this Motion is proper. The Court's November 17 MOO does not need clarification, and the Court trusts the NMPED's representations that it understands the MOO and its impact. The NMPED will have to make a decision regarding how it chooses to structure its operations and how to pursue its litigation strategy in future IDEA

---

Plaintiffs have raised such an argument in other litigation, or whether another judge in the District of New Mexico would credit the argument. In any case, the Plaintiffs' choice whether to use this Court's November 17 MOO for collateral estoppel purposes does not impact the Court's analysis in this Memorandum Opinion and Order.

cases brought against it. In the meantime, the November 17MOO is clear regarding the NMPED's failures in the case of Chavez v. Board of Education of Tularosa Municipal Schools, No. Civ. 05-0380. Furthermore, an injunction of the enforcement of NMSA 6.31.13(I)(3)(d) was not an issue in this case before final judgment, and the request is not properly raised as one on a motion to alter or amend the judgment. The Court therefore declines to enjoin the regulation's enforcement.

**IT IS ORDERED** that the Plaintiffs' Motion to Clarify Declarations of Law in IDEA Order Against the Public Education and to Alter or Amend Judgment to Include Injunctive Relief and Memorandum in Support the is denied.

UNITED STATES DISTRICT JUDGE

*Counsel*:

Gail Stewart
Laurel Nesbitt
Steven Grabber Attorney at Law, P.A.
Albuquerque, New Mexico

-- and --

Tara Ford
Pegasus Legal Services for Children
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Gerald Coppler
Coppler & Mannick, P.C.
Santa Fe, New Mexico

*Attorneys for Defendant Board of Education of Tularosa Municipal Schools*

Andrew S. Montgomery
Jeffrey J. Wechsler
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

*Attorneys for Defendants New Mexico Public Education Department and Veronica Garcia*