IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIMON and BEVERLY CHAVEZ,
on behalf of their minor son,
MATTHEW CHAVEZ,

       Plaintiffs,

vs.   No. CIV 05-0380 JB/RLP

BOARD OF EDUCATION OF TULAROSA
MUNICIPAL SCHOOLS; the NEW MEXICO
PUBLIC EDUCATION DEPARTMENT; and
VERONICA GARCIA, Secretary of the
NMPED in her individual and official capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Alter or Amend Judgment Under IDEA to Include Remedy to Compensate Child for Two Year Deprivation of FAPE and Memorandum in Support, filed November 24, 2008 (Doc. 225)("Motion"). Having determined that the Court has sufficient information to decide this Motion on the briefing, it did not hold a hearing. The primary issue is whether the Court should amend its Memorandum Opinion and Order, entered November 17, 2008 (Doc. 219)("MOO") to provide additional compensatory education, reimbursement to Plaintiff Beverly Nelson for the value of educational services she provided to Matthew Chavez, and a social-skills coach for Matthew. Because the Motion largely revisits old arguments that the Court already carefully considered and rejected, and otherwise asks the Court to fashion relief that the Court finds to be inappropriate, the Court will deny the Motion.

## PROCEDURAL BACKGROUND

The factual and procedural background to the Plaintiffs' case under the Individuals with

Disabilities Education Act, 20 U.S.C. §§ 1400-82 ("IDEA"), is set forth in detail in the Court's November 17, 2008 MOO.  Briefly, the Plaintiffs asserted three claims against the New Mexico Public Education Department ("NMPED") pursuant to the IDEA.  First, the Plaintiffs alleged that the NMPED is an agency of the State of New Mexico that monitors Tularosa Municipal Schools and other local school districts in the State for compliance with its rules and standards.  See First Amended Complaint ¶ 8, at 3.  Consequently, under the IDEA, the NMPED may be directly responsible for the provision of education to students with disabilities pursuant to 20 U.S.C. § 1413(h)(1) and 34 C.F.R. § 300.360.  Second, the NMPED knew that their son Matthew and other students in the autism spectrum with complex behavioral needs were not, and are not, being provided appropriate educational placements by the Tularosa Schools and other public school districts, and failed to act to require that an appropriate placement be provided or to offer an appropriate placement consistent with its obligations under IDEA and, as a result, Matthew was denied FAPE.  Third, in violation of IDEA, the NMPED supported Tularosa Schools' refusal to develop an appropriate program for Matthew, which constitutes an abdication of its supervisory responsibility to enforce IDEA in this state and to ensure that all children with disabilities are provided FAPE in accordance with the IDEA.

  This case underwent a two-tiered administrative process, beginning with a hearing before the Due Process Hearing Officer ("DPHO") and continuing with and appeal to the Administration Appeal Officer ("AAO").  After completing the administrative process, the Plaintiffs appealed certain findings and conclusions from the administrative process to this Court. The primary issues raised in the appeal from the administrative process were: (i) whether the AAO erred by failing to exercise jurisdiction over claims against the NMPED; (ii) whether the NMPED had a duty under the IDEA to make certain that the Tularosa Schools,  and if not Tularosa Schools, then the NMPED

provided educational services to Matthew Chavez; and (iii) whether equitable relief should include reimbursement for Beverly Chavez' efforts in home schooling Matthew during the time he was not in school, compensatory education, injunctive and declaratory relief, and systemic relief to ensure, across the State of New Mexico, an adequate continuum of alternative placements for Matthew as a student with autism.

The Court held a two-day evidentiary hearing on July 25, 2008 and August 1, 2008. The parties stated that they wished to supplement the record with the additional exhibits and testimony. See Transcript of Evidentiary Hearing at 37:3-9 (July 25, 2008)(Doc. 157)("July 25 Tr.")(Court, Stewart & Wechsler). Accordingly, the Court allowed the parties to supplement the record, although the Court did not incorporate all evidence presented at the July 25, 2008 and August 1, 2008 hearings into the administrative record. Rather, the Court incorporated select portions of evidence that it found to be helpful to making a final determination.

On November 17, 2008, the Court entered its final order on the Plaintiffs' IDEA claims. See MOO at 1-2. The Court found that the AAO's conclusion that she did not have jurisdiction over the NMPED was error and that the NMPED was a proper party to the administrative process. The Court further found that the NMPED denied Matthew a Free and Appropriate Public Education ("FAPE") for the 2003-2004 and 2004-2005 school years, and that the NMPED violated the IDEA. The Court did not, however, order remedies or compensation for this violation. See MOO at 51.

The Plaintiffs, through this Motion, now ask the Court to reconsider its decision not to order a remedy and to fashion equitable relief, including ordering the NMPED to find and provide an expert to teach Matthew social skills, awarding additional compensatory education, and awarding reimbursement to Ms. Nelson for the value of the educational services she provided to Matthew while he was being deprived FAPE. See Motion at 2. The Plaintiffs argue that the Court has

authority to "amend its findings, make additional findings and amend its judgment" pursuant to rule 52(b) of the Federal Rules of Civil Procedure.  See Motion at 2.  The Plaintiffs also invoke rule 59 as authority for the Court to alter or amend a judgment.

In support of their request for additional compensatory education, the Plaintiffs contend that the Court's finding that compensatory education would be duplicative disregarded the "limited" nature of the AAO's award of compensatory education.  Motion at 4.  The Plaintiffs argue that the AAO refused jurisdiction over the NMPED, and therefore did not analyze additional relief that should have been required of the NMPED.  The Plaintiffs therefore urge the Court to reconsider and order additional compensatory education.

The Plaintiffs request social-skills training for the first time.  They note that Matthew was not able to access any of the social components of the educational process and that he suffered harm to his ability to socialize.  See Motion at 6.  The Plaintiffs cite Brown v. Board of Education, 347 U.S. 483 (1954), for the broad proposition that education is of paramount importance.  See Motion at 4-5 (citing Brown v. Board of Education, 347 U.S. at 493).  They also quote from Tinker v. Des Moines Independent Community School District, 393 U.S. 503 (1969), that "'personal intercommunication among students'" is "'an important part of the educational process,'" and that "'[a] student's rights, therefore, do not embrace merely the classroom hours.'"  Motion at 5 (quoting Tinker v. Des Moines Independent Community School District, 393 U.S. at 512).

The Plaintiffs renew their request for reimbursement on the grounds that the "real equities" make such an award appropriate.  Motion at 8.  They also argue that the decision of the Supreme Court of the United States in School Committee of Town of Burlington, Mass. v. Department of Educ. of Mass., 471 U.S. 359 (1985), supports an award of reimbursement.  See Motion at 8.  Accordingly, the Plaintiffs "contend that IDEA supports creation of an equitable remedy for

reimbursement to the parent for her services at the cost that the school would have paid to provide such services in the first instance." Motion at 8-9.

The NMPED argues that the Court should deny the Motion because it raises no arguments that the Court did not previously address or that could not have been raised earlier. See Response of Defendant New Mexico Public Education Department to Plaintiffs' Motion to Alter or Amend Judgment Under IDEA to Include Remedy to Compensate Child for Two Year Deprivation of FAPE and Memorandum in Support at 2, filed December 11, 2008 (Doc. 233)("Response"). The NMPED contends that the "Plaintiffs rehash previously presented arguments that the Court has already considered and rejected." Id. The NMPED also argues that the Plaintiffs fail to identify a clear error of law that compels a change in the Court's prior ruling or to explain how the ruling will lead to manifest injustice. See Response at 3.

The NMPED also addresses the merits of the Plaintiffs' request for remedies, and argues that the request for reimbursement reflects a request for tort damages, which are inappropriate under the IDEA, and that FAPE is the focus of the IDEA. See Response at 3. The NMPED argues that there is no evidence in the record to support the contention that Matthew lost social skills or that he would benefit from social-skills training. Finally, the NMPED argues that the Plaintiffs did not provide evidence that the compensatory education which the AAO ordered for Matthew was limited. See Response at 4.

The Plaintiffs reply that the relief they have requested is consistent with the IDEA's purposes, which, in addition to providing FAPE, also encompass "enabling parents to have the tools necessary to improve educational results for students with disabilities," and "'assess[ing] . . . and ensur[ing] the effectiveness of, efforts to education children with disabilities.'" Plaintiffs' Reply in Support of Their Motion to Alter or Amend Judgment under IDEA to Include Remedy to

Compensate Child for Two Year Deprivation of FAPE at 4, filed December 22, 2008 (Doc. 234)("Reply")(no citation given for quoted language).  Given those purposes, the Plaintiffs argue that the Court can provide equitable relief that does not duplicate the relief that the AAO Order provided.  See Reply at 7.  One avenue for such relief would be "an equitable award of reimbursement to Plaintiffs to be put in trust for educational expenses for Matthew. . . ." Id.  The Plaintiffs suggest that setting up such a trust would provide reimbursement for the family and would provide compensatory services for Matthew.  See id.  They contend that lack of a remedy in this case will not encourage enforcement of the IDEA in this state.

## THE LAW REGARDING RULE 59(e) MOTIONS

A motion to reconsider that is filed within ten days of a final judgment is considered to be a rule 59(e) motion to alter or amend the judgment.  See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  The grounds warranting such a motion are "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Id.  On a motion brought under rule 59(e), "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  Servants of Paraclete v. Does, 204 F.3d at 1012.

## ANALYSIS

The Court understands that the Plaintiffs may feel that they attained somewhat of a Pyrrhic victory on their IDEA claim against the NMPED, given that they spent many years and a great deal of energy litigating before the Court entered its MOO finding that a violation occurred but declining to grant a remedy.  Nonetheless, having reviewed the Motion and the briefing from both parties, the

Court believes that its ruling was correct. The Plaintiffs have not shown that they qualify under any of the circumstances that would give rise to a meritorious 59(e) motion. They apparently recognize that the only scenario which might apply to them is the need to correct manifest injustice. They therefore do not attempt to argue any of the other circumstances – i.e., an intervening change in controlling law or new evidence that was previously unavailable.

The Plaintiffs are understandably not satisfied with the result and wish to take one final stab at litigating it. A motion to alter or amend a judgment, however, is not the appropriate context for such re-litigation. The Court continues to believe that an order for compensatory education would be duplicative of what the AAO already awarded. As the Court discussed in the MOO, the reimbursement request is not suitable in this case as an equitable remedy. Finally, the novel request for a social-skills coach, which was never litigated, and for which no evidence was presented, is inappropriate.

**I.    THE REQUESTS FOR COMPENSATORY EDUCATION AND REIMBURSEMENT MAKE ARGUMENTS THE COURT HAS ALREADY CAREFULLY CONSIDERED AND REJECTED.**

A motion to alter or amend a judgment to correct clear error or to prevent manifest injustice "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d at 1012. In this case, the Court has carefully considered the facts and the law, and does not believe it has misapprehended either. The Court also believes that it has accurately ascertained the Plaintiffs' position.

The Plaintiffs now argue that the award of compensatory education that the AAO ordered was limited and that the AAO could not have considered what remedies should lie against the NMPED. The Plaintiffs could have raised this argument earlier, but they did not do so. Even so, the Court does not find the argument compelling. As the Court discussed in the MOO, the AAO

outlined a detailed twelve-point remedy, which included compensatory education.  The Court does not believe that it misapprehended the nature of the AAO's order or failed to appreciate the limited nature of the remedy the AAO ordered.  It may be true that "the AAO decision was primarily concerned with reintegrating Student into the school environment," Motion at 4, and that "the AAO was only providing remedy based on her assessment of Tularosa's deprivation of FAPE to Matthew," see id.  Even granting that those two contentions are true for the sake of argument, the Plaintiffs represented in earlier briefing that they "do not seek any qualitative reexamination of the remedy ordered by the AAO" and "do not complain of the [AAO] order except to the extent Tularosa is incapable or unwilling to comply with the order."  Plaintiffs' Motion for Stay-Put Order or Preliminary Injunction Against Defendants Tularosa and New Mexico Public Education Department and Memorandum in Support at 4, filed December 20, 2005 (Doc. 37).  Moreover, the Court did not base its finding regarding compensatory education on what it perceived to be the AAO's objectives or bases for its twelve-point award.  Rather, the Court carefully reviewed the twelve-point order, and found that the remedy itself adequately dealt with compensatory education and that it would be duplicative to obligate the NMPED to also provide compensatory education. There is no sound reason to revisit that holding.

The Court also believes that it adequately understood the arguments, evidence, and legal landscape against which it decided that reimbursement would not be appropriate in this case.  The Plaintiffs do not provide any new evidence that was previously unavailable bearing on reimbursement.  Rather, they call the Court's attention to the transcript of the July 25, 2008 evidentiary hearing – a hearing which occurred before this Court and a transcript of which the Court carefully reviewed.  The Plaintiffs do not contend that the Court overlooked or misunderstood key evidence.  Instead, they offer additional explanation of the evidence and give reasons for their

decision to ask for reimbursement calculated on the cost to the school of providing educational services to Matthew for the time period in which he was not receiving FAPE. See Motion at 7 ("Plaintiffs were not seeking 'lost wages' and therefore believed that reference to the actual cost of provision of services served as a better guidepost for reimbursement to the family."). This second look at the evidence does not alter the Court's conclusions about reimbursement being an inappropriate remedy in this case.

The Court also does not believe that it misread the case law upon which it relied to reach its decision. The Plaintiffs suggest that School Committee of Town of Burlington, Mass. v. Department of Educ. of Mass. compels an order of reimbursement in this case. The Court discussed that case at length and found it distinguishable from this case. See MOO at 47-49. School Committee of Town of Burlington, Mass. v. Department of Educ. of Mass. stands for the proposition that it is appropriate under some circumstances for a district court to order reimbursement of educational expenses that a family had to cover as a result of a child being deprived FAPE. The Court found that it was not appropriate in this case, and that the record did not adequately bear out a reimbursement award. The Plaintiffs do not provide any evidence that the Court overlooked and which might induce the Court to reconsider. Reimbursement is not appropriate in this case.

In this Motion, the Plaintiffs have attempted to recast the reimbursement request to make it look less like tort money damages. Specifically, they have presented the Court with the option of placing the reimbursement award in a trust which would be used to pay for Matthew's educational expenses. Ordering a trust, the principle of which is calculated based on the cost of the provision of education had the school or NMPED provided those services during the period of deprivation, appears to have little resemblance to reimbursement for expenses that Beverly Chavez incurred. Rather, the requested reimbursement sounds like compensatory education. The idea seems to be that

the NMPED will pay money into a trust, and the money in the trust will be used to pay for educational expenses. As the Court noted, however, the AAO Order already dealt with education to make up for what Matthew was deprived, and the NMPED paid Tularosa Schools – albeit belatedly, the Plaintiffs contend – for that compensatory education. The Court does not believe there is a good reason to now order the NMPED to put more funds into a trust to pay for more educational services for Matthew, given that the AAO Order, if properly implemented, would provide the education that Matthew lost out on when the violations occurred. Either way the reimbursement award is characterized, the Court has carefully considered the new arguments, and reaffirms its initial finding that this is not a case where reimbursement is appropriate.

## II.   THE COURT WILL NOT ORDER THE NMPED TO PROVIDE A SOCIAL-SKILLS TUTOR.

The Plaintiffs ask the Court to fashion equitable relief to include "enjoining NMPED to work [] with the Plaintiffs to identify a provider with expertise in autism who can provide social skills training to Matthew." Motion at 2. Alternatively, they ask that the Court order the NMPED to reimburse a social-skills trainer of the parents' choice for 180 hours of social skills training. Later in the same Motion, they argue that "[t]here are multiple good reasons for the Court to deny the request to consider, post-judgment, the heretofore unrequested provision of a social skills tutor." Motion at 2. First, a rule 59(e) motion is not the proper avenue for a new request for relief that could have been raised before judgment was entered. See Servants of Paraclete v. Does, 204 F.3d at 1012 (explaining that, on a rule 59(e) motion to alter or amend a judgment, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.")(emphasis added). The Plaintiffs do not offer any reason why they did not ask for this remedy earlier. It appears that the remedy occurred to them belatedly, and that they seek to work

their new request into a motion to alter or amend the judgment.

Second, and more important, even if the Court were not concerned about the relief being requested for the first time in a motion to alter or amend the judgment, the relief is not appropriate. The Court agrees with the Plaintiffs that the primary goals of the IDEA are to provide education, to enable parents to have the tools necessary to improve educational results for students with disabilities, and to assess and ensure the effectiveness of efforts to education children with disabilities. In short, the IDEA is focused on education. Socializing is often[1] a beneficial, but incidental byproduct of public education. The Court does not believe a student should receive a windfall in the form of social-skills coaching after he has already received compensatory education.

Tinker v. Des Moines Independent Community School District, upon which the Plaintiffs rely to support their contention that socialization is an important goal of public education, is a case grounded in First-Amendment principles. Without questioning the validity of the pronouncement in Tinker v. Des Moines Independent Community School District on the importance of personal interaction among school children, the Court is confident that Tinker v. Des Moines Independent Community School District has nothing to say about what is or is not an appropriate remedy under the IDEA. When the Supreme Court in Tinker v. Des Moines Independent Community School District discussed stated that "[a] student's rights, therefore, do not embrace merely the classroom hours," 393 U.S. at 512, it was referring to First-Amendment rights. The Court therefore does not believe it can reasonably ascertain how the IDEA is supposed to function from Tinker v. Des Moines Independent Community School District.

---

[1] Many parents shun public and private school, preferring instead to home-school their children, precisely to avoid some of the socializing that occurs at school. Parents do not typically home-school their children to try to avoid education – the primary purpose of school.

**IT IS ORDERED** that the Plaintiffs' Motion to Alter or Amend Judgment Under IDEA to Include Remedy to Compensate Child for Two Year Deprivation of FAPE and Memorandum in Support is denied.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel*:

Gail Stewart
Laurel Nesbitt
Steven Grabber Attorney at Law, P.A.
Albuquerque, New Mexico

-- and --

Tara Ford
Pegasus Legal Services for Children
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Gerald Coppler
Coppler & Mannick, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Board of Education of Tularosa Municipal Schools*

Andrew S. Montgomery
Jeffrey J. Wechsler
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendants New Mexico Public Education Department and Veronica Garcia*