## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SIMON and BEVERLY CHAVEZ,
on behalf of their minor son,
MATTHEW CHAVEZ,

        Plaintiffs,

vs.                                                              No. CIV 05-0380 JB/RLP

BOARD OF EDUCATION OF TULAROSA
MUNICIPAL SCHOOLS; the NEW MEXICO
PUBLIC EDUCATION DEPARTMENT; and
VERONICA GARCIA, Secretary of the
NMPED in her individual and official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for Attorney's Fees Pursuant to IDEA and Memorandum in [S]upport, filed November 25, 2008 (Doc. 227). The Court held a hearing on February 23, 2009. The primary issue is whether Plaintiffs Simon Chavez and Beverly Nelson are the prevailing parties on their claim under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-82 ("IDEA"), even though the Court did not provide the Plaintiffs with any remedy. Because the Court finds that the Plaintiffs are not the prevailing parties on the IDEA claim and are thus not entitled to attorney's fees, the Court will deny the Plaintiffs' motion.

## PROCEDURAL BACKGROUND

The factual and procedural background to the Plaintiffs' case under the IDEA is set forth in detail in the Court's Memorandum Opinion and Order, entered November 17, 2008 (Doc. 219)("MOO"). Briefly, the Plaintiffs asserted three claims against the New Mexico Public Education Department ("NMPED") pursuant to the IDEA. First, the Plaintiffs alleged that the

NMPED is an agency of the State of New Mexico that monitors Tularosa Municipal Schools and other local school districts in the State for compliance with its rules and standards. See First Amended Complaint ¶ 8, at 3. Consequently, under the IDEA, the NMPED may be directly responsible for the provision of education to students with disabilities pursuant to 20 U.S.C. § 1413(h)(1) and 34 C.F.R. § 300.360. Second, the NMPED knew that the Plaintiffs' son Matthew and other students in the autism spectrum with complex behavioral needs were not, and are not, being provided appropriate educational placements by Tularosa Schools and other public school districts, and failed to act to require that an appropriate placement be provided or to offer an appropriate placement consistent with its obligations under IDEA and, as a result, Matthew was denied a Free Appropriate Public Education ("FAPE"). Third, in violation of IDEA, the NMPED supported Tularosa Schools' refusal to develop an appropriate program for Matthew, which constitutes an abdication of its supervisory responsibility to enforce IDEA in this state and to ensure that all children with disabilities are provided FAPE in accordance with the IDEA.

This case underwent a two-tiered administrative process, beginning with a hearing before the Due Process Hearing Officer ("DPHO") and continuing with an appeal to the Administration Appeal Officer ("AAO"). After completing the administrative process, the Plaintiffs appealed certain findings and conclusions from the administrative process to this Court. The primary issues raised in the appeal from the administrative process were: (i) whether the AAO erred by failing to exercise jurisdiction over claims against the NMPED; (ii) whether the NMPED had a duty under the IDEA to make certain that Tularosa Schools, and if not Tularosa Schools, then the NMPED provided educational services to Matthew Chavez; and (iii) whether equitable relief should include reimbursement for Beverly Chavez' efforts in home schooling Matthew during the time he was not in school, compensatory education, injunctive and declaratory relief, and systemic relief to ensure,

across the State of New Mexico, an adequate continuum of alternative placements for Matthew as a student with autism.

The Court held a two-day evidentiary hearing on July 25, 2008 and August 1, 2008. The parties stated that they wished to supplement the record with the additional exhibits and testimony. See Transcript of Evidentiary Hearing at 37:3-9 (July 25, 2008)(Doc. 157)("July 25 Tr.")(Court, Stewart & Wechsler). Accordingly, the Court allowed the parties to supplement the record, although the Court did not incorporate all evidence presented at the July 25, 2008 and August 1, 2008 hearings into the administrative record. Rather, the Court incorporated select portions of evidence that it found to be helpful to making a final determination.

On November 17, 2008, the Court entered its final order on the Plaintiffs' IDEA claims. See MOO at 1-2. The Court found that the AAO's conclusion that she did not have jurisdiction over the NMPED was error and that the NMPED was a proper party to the administrative process. The Court further found that the NMPED denied Matthew FAPE for the 2003-2004 and 2004-2005 school years, and that the NMPED violated the IDEA. The Court did not, however, order remedies or compensation for this violation. See MOO at 51.

The Plaintiffs filed their motion for attorney's fees on November 25, 2008. The NMPED advised that it did not intend to file a response to the motion for attorney's fees. See Notice of Completion, filed December 23, 2008 (Doc. 240). In their motion, the Plaintiffs contend that they are the prevailing parties, and thus entitled to attorney's fees under 20 U.S.C. § 1415(i)(3)(B). They note that, while the IDEA does not define "prevailing party," and while the United States Court of Appeals for the Tenth Circuit has not written extensively about awards of attorney's fees under the IDEA, many federal courts look to federal court decisions under 20 U.S.C. § 1988 for guiding principles. See Motion at 8. Accordingly, the Plaintiffs argue that a party prevails if the party is

-3-

able to point to a resolution of a dispute which changes the legal relationship between itself and the defendant. See id. at 9.

The Plaintiffs assert that, as prevailing parties, they are entitled to $55,365.15 in attorney's fees, gross receipts tax, and costs for work in furtherance of their IDEA claims. See Motion at 10. The Plaintiffs calculated the requested attorney's fees based on a rate of $200.00 per hour for Plaintiffs' counsel Gail Stewart, and $175.00 per hour for Plaintiffs' Counsel Tara Ford's representation during the administrative due process and $195.00 per hour for Ms. Ford's later representation. The Plaintiffs ask the Court to find that the calculated rates and the ultimate award sought are reasonable. See Motion at 10.

In the Notice of Completion of Briefing, the Plaintiffs informed the Court that the NMPED advised them that it did not plan to file a response to the motion. See Notice of Completion at 1. At the hearing on this motion, the Court queried the NMPED about its position on the motion. The NMPED initially stated that, pursuant to electronic-mail exchanges with the Plaintiffs, it had worked out an agreement that it would not oppose the motion for attorney's fees. See Transcript of Hearing at 5:23-6:11 (taken February 23, 2009)(Wechsler)("Tr.").[1] The NMPED stated that it believed the Plaintiffs prevailed on their IDEA claims. See id. at 6:1-3 (Wechsler). The NMPED represented that, while it did not intend to oppose the motion, its understanding was that it had agreed with the Plaintiffs that there would be a waiver of the bond and a stay of the fee award pending appeal. See id. 6:1-14 (Wechsler).

Upon hearing the NMPED's reasons for not responding to the motion, the Court asked

---

[1] The Court's citations to the transcript of the February 23, 2009 hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

whether the parties were essentially settling this aspect of the case at this stage.  See id. at 6:21-25 (Court).  The NMPED agreed that a settlement was what it intended to do.  See id. at 7:1-2 (Wechsler).

The Plaintiffs, however, represented that they did not believe that there was a settlement on the issue of fees.  See id. at 7:4-20 (Stewart).  The Plaintiffs stated that they did not want to enter into a settlement on fees with the understanding that, if the Tenth Circuit ruled in the NMPED's favor on some issue, the Plaintiffs would no longer be entitled to fees.  See id. at 10:1-9 (Stewart).[2]  Ultimately, the parties therefore agreed that there was no settlement on the issue and that judicial determination of the motion would be necessary.  See id. at 10:10-16 (Court & Wechsler).  The NMPED conceded that the Court would need to decide the issue whether the Plaintiffs were the prevailing parties for purposes of attorney's fees.  See id. at 11:20-21.

The Court accordingly heard argument on the motion.  Both parties agreed that the standards governing the determination of prevailing-party status under the IDEA are the same as the standard for determining the prevailing party under 42 U.S.C. § 1988 – namely, that there be a change in the legal relationship between the parties.  See Tr. at 12:7-13 (Stewart); id. at 40:6-11 (Wechsler).  The NMPED also conceded that, if the Court found the Plaintiffs to be prevailing parties, it would be able to award attorney's fees for the work Plaintiffs' counsel did at the administrative level.  See id. at 40:12-16 (Court &Wechsler).

After the Court made the NMPED aware of the applicable standard for determining prevailing party, the NMPED stated that, under that standard, it appeared that the Plaintiffs were not

_____

[2] While the unofficial transcript indicates that NMPED's counsel Mr. Wechsler was speaking during this passage, it is clear from the context and the Court's recollection that the speaker was Plaintiffs' counsel, Ms. Stewart.

prevailing parties because the legal relationship between the NMPED and the parties had not

changed.  See id. at 28:20-24 (Wechsler).  The NMPED also indicated that, in light of the discussion

at the hearing, it would contest an award of attorney's fees on the basis that the Plaintiffs were not

the prevailing parties on the IDEA claims.  See Tr. at 40:17-19 (Wechsler).

## LAW REGARDING ATTORNEY'S FEES UNDER THE IDEA

The IDEA states: "In any action or proceeding brought under this section, the court, in its

discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who

is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B).  The IDEA does not, however,

define "prevailing party."  20 U.S.C. § 1415(i)(3)(C) also provides that "[f]ees awarded . . . shall be

based on rates prevailing in the community in which the action or proceeding arose for the kind and

quality of services furnished.  No bonus or multiplier may be used in calculating the fees awarded

under this subsection."  Id.

### 1. Prevailing Party.

To determine whether a party prevails for purposes of attorney's fees under the IDEA, the

Tenth Circuit has adopted the rule which the Supreme Court of the United States crafted for

assessing prevailing-party status under 42 U.S.C. § 1988.  The Supreme Court held in Texas State

Teachers Association v. Garland Independent School District, 489 U.S. 782 (1989), that, "if the

plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit

the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some

kind."  Id. at 791-92 (citation omitted).  The Supreme Court also stated that, "at a minimum, to be

considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a

resolution of the dispute which changes the legal relationship between itself and the defendant."

Teachers Association v. Garland Independent School District, 489 U.S. at 792.  See Farrar v. Hobby,

506 U.S. 103, 112 (1992)("Whatever relief the plaintiff secures must directly benefit him at the time

of the judgment or settlement . . . .  Otherwise the judgment or settlement cannot be said to 'affec[t]

the behavior of the defendant toward the plaintiff.'")(citations omitted)(brackets in original).  The

Tenth Circuit, following Farrar v. Hobby, stated:

> Congress intended the term "prevailing party" to mean the same under §
> 1415(e)(4)(B) as it does under 42 U.S.C. § 1988.  Beard v. Teska, 31 F.3d 942, 950
> (10th Cir. 1994). Under § 1988, "a plaintiff 'prevails' when actual relief on the
> merits of his claim materially alters the legal relationship between the parties by
> modifying the defendant's behavior in a way that directly benefits the plaintiff."
> Farrar v. Hobby, 506 U.S. [at] . . . 112.

Urban by Urban v. Jefferson County School Dist. R-1, 89 F.3d 720, 728-29 (10th Cir. 1996).

Later Supreme Court precedent has vindicated the Tenth Circuit's determination that

"prevailing party" means the same thing under the IDEA and under 42 U.S.C. § 1988.  The Supreme

Court has stated that Congress has "authorized the award of attorney's fees to the 'prevailing party'

in numerous statutes."  Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and

Human Resources, 532 U.S. 598, 602 (2001).  Without specifically mentioning the IDEA, the

Supreme Court in Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and

Human Resources explained that, where Congress used the term "prevailing party" to designate

when a party would be entitled to attorney's fees, there must be "a material alteration of the legal

relationship of the parties."  Id. at 603.  Nothing in the Supreme Court's discussion in Buckhannon

Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources suggests that a

different rule should apply to the phrase "prevailing party," as used in the IDEA.

Following the cues of  Texas State Teachers Association v. Garland Independent School

District, Farrar v. Hobby, and Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of

Health and Human Resources, several other circuit courts have also found that the test for assessing

whether a party "prevailed" in an IDEA claim is the same one articulated in <u>Teachers Association v. Garland Independent School District</u> and reiterated in <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources</u>.[3]  <u>See</u>  <u>Doe v. Boston Pub. Sch.</u>, 358 F.3d 20, 25 (1st Cir. 2004)("<u>Buckhannon</u> is presumed to apply generally to all fee-shifting statutes that use the 'prevailing party' terminology, including the IDEA.");  <u>Mr. L. v. Sloan</u>, 449 F.3d 405, 406-07 (2d Cir. 2006); <u>John T. ex rel. Paul T. v. Delaware County Intermediate Unit</u>, 318 F.3d 545, 556 (3d Cir. 2003); <u>Chambers v. Ohio Dep't of Human Servs.</u>, 273 F.3d 690, 693 n. 1 (6th Cir. 2001)("[A]ll statutes – including § 1988 – that authorize attorney's fees to the 'prevailing party' are to be treated consistently.")(citing <u>Buckhannon Bd. v. W. Va. Dept. of Health & Human Res.</u>, 532 U.S. at 603 n.4); <u>Board of Educ. of Oak Park v. Nathan R., ex rel. Richard R.</u>, 199 F.3d 377, 382 (7th Cir. 2000)(citing, among other authorities, <u>Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.</u>, 489 U.S. at 792);  <u>V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High School Dist.</u>, 484 F.3d 1230, 1233 (9th Cir. 2007)("The district court correctly determined that for A.O. to be entitled to attorneys' fees as a prevailing party under the IDEA, she must demonstrate that the hearing officer's order created a material alteration of the legal relationship of the parties.")(internal quotation marks and citations omitted); <u>Loggerhead Turtle v. County Council</u>, 307 F.3d 1318, 1323-24 (11th Cir. 2002)("[O]nly a party who obtains a judgment on the merits or a similar court-ordered change in the parties' legal relationship, such as a consent decree, may be considered a 'prevailing party' for

---

[3] <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources</u> involved another important issue to determining prevailing-party status which does not come into play in this case.  Specifically, the Supreme Court in <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources</u> held that the term prevailing party does not "include[ ] a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct."  532 U.S. at 600.

-8-

purposes of a fee award." )(citing <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health</u> <u>& Human Res.</u>, 532 U.S. at 603-04); <u>Alegria v. District of Columbia</u>, 391 F.3d 262, 267-68 (D.C. Cir. 2004).

### 2.       Reasonableness of Fees.

After determining that a party is the prevailing party for purposes of attorney's fees, a court must determine the amount of reasonable attorney's fees that it should award.  <u>See</u> <u>Sanchez v. Matta</u>, 2005 WL 2313621, *3 (D.N.M.)(citing <u>Phelps v. Hamilton</u>, 120 F.3d 1126, 1129 (10th Cir. 1997)). To determine the reasonableness of attorney's fees, the Tenth Circuit has adopted a framework which "requires the district court to determine the 'relevant indicia of success' by examining: (1) the difference between the judgment recovered and the judgment sought; (2) 'the significance of the legal issue on which the plaintiff prevailed'; and (3) 'the public purpose served by the litigation." <u>Brandau v. Kansas</u>, 168 F.3d 1179, 1181 (10th Cir. 1999)(quoting <u>Farrar v. Hobby</u>, 506 U.S. at 121-22 (O'Connor, J., concurring)).

### ANALYSIS

The Plaintiffs ask for attorney's fees incurred in pursuit of their IDEA claims.  The Plaintiffs contend that they are entitled to such fees as prevailing parties.  The amount of fees they ask for includes fees for services counsel rendered during the administrative proceedings and services rendered litigating the IDEA claims in the district court.  The Plaintiffs' request for fees for work done at the administrative level as well as at the judicial level raises a series of issues.

First, under the governing case law, the Court must determine whether the Plaintiffs are prevailing parties in this action.  Determining whether they are prevailing parties presents some difficulty in this case, given its procedural history and the Court's ultimate decision to reverse the AAO in favor of the Plaintiffs but not to grant any remedies.  One question that arises is whether

the Court should look at the proceeding from the hearing in front of the DPHO to the final determination in this Court, and find that, because the AAO ordered a twelve-point remedy in the Plaintiffs' favor, and because this Court found that the NMPED violated the IDEA, it is fair to say that the Plaintiffs were prevailing parties. Alternatively, the Court could determine that, while the Plaintiffs did not receive enough of the benefit they were seeking to qualify as prevailing parties at the judicial level, the fact that they received a remedy at the administrative level should be taken in to consideration in deciding whether they were prevailing parties.

The Court believes it is authorized to take into consideration the events of the administrative proceedings in determining prevailing-party status. Additionally, the Court believes it has jurisdiction to award attorney's fees to parties who prevail at IDEA administrative proceedings. Nevertheless, having considered the IDEA and the relevant case law interpreting its fee-shifting provisions, the Court finds that the Plaintiffs are not prevailing parties against the NMPED at either the administrative or judicial level, as that term applies under the IDEA. Because they are not prevailing parties, the Plaintiffs are not entitled to attorney's fees from the NMPED.

In reaching is decision, the Court examines first whether the Plaintiffs prevailed in the judicial proceeding on their IDEA claims. Because the Court did not order the NMPED to take further action with respect to Matthew, the Court cannot reasonably say that the legal relationship between the parties changed. In examining whether the Plaintiffs nevertheless prevailed in this case because the AAO had granted them a remedy, the Court finds that it would be inappropriate to shift legal costs to the NMPED for anything that occurred at the administrative level because the Plaintiffs did not prevail against the NMPED at that level. Because the Plaintiffs did not prevail over the NMPED at any level of this litigation in a way that would entitle them to attorney's fees, the Court cannot in fairness shift costs for any of the proceeding to the NMPED. Because the Court

-10-

awards no attorney's fees, it is not necessary to decide what would constitute a reasonable fee award in this case.

## I.   THE NMPED HAS NOT WAIVED ITS OBJECTION TO THE MOTION FOR ATTORNEY'S FEES.

Although the Plaintiffs have not raised the argument, the Court believes it is prudent to address whether the NMPED waived its right to object to an award of attorney's fees. It is undisputed that the NMPED affirmatively chose not to respond. The Court does not believe, however, that the NMPED's failure to respond to this motion should be considered a waiver. The NMPED believed that it had an understanding or a settlement with the Plaintiffs regarding attorney's fees. The Plaintiffs, however, disputed that there was a settlement on that issue. Given that the NMPED was operating under the incorrect understanding that there was a settlement regarding this motion, the Court cannot say that the NMPED should be deemed to have waived the right to object to the motion upon learning that, contrary to its understanding, there was no agreement between it and the Plaintiffs. The Court believes that, given the posture of this motion, it is necessary for the Court to reach the merits and make a determination whether the Plaintiffs were, in fact, prevailing parties entitled to attorney's fees.

## II.   THE RESULTS OF THE DISTRICT COURT PROCEEDINGS DID NOT ALTER THE LEGAL RELATIONSHIP BETWEEN THE PARTIES.

To be entitled to attorney's fees, the Plaintiffs must show that they are prevailing parties. "'[A] plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" Urban by Urban v. Jefferson County School Dist. R-1, 89 F.3d 720, 728-29 (quoting Farrar v. Hobby, 506 U.S. at 12). Under that standard, the Plaintiffs did not "prevail" on their IDEA claims in district court such that they may receive an award of attorney's fees.

-11-

In its disposition on the IDEA claims, the Court found: (i) that the AAO should have exercised jurisdiction over the claims against the NMPED during the administrative process; and (ii) that the NMPED denied Matthew FAPE.  In making those findings, the Court vindicated much of the Plaintiffs' theory regarding the NMPED's responsibility under the IDEA.  At the same time, however, the Court found that this case did not present appropriate circumstances for awarding further remedy in the Plaintiffs' favor.  The effect of not granting further remedy is that the Court did not impose further responsibility on the NMPED for the violations that occurred in this case.  In other words, the Court did not order the NMPED to do anything further.  Because the Court has not ordered the NMPED to take further action, it cannot be fairly said that the legal relationship between the NMPED and the Plaintiffs changed.  Without a change in legal relationship that the Plaintiffs can point to, the Plaintiffs cannot establish that they are the prevailing party.  The Court's discretion is limited to awarding them fees if they are the prevailing parties.  Because they are not the prevailing parties, they are not entitled to fees.

In their Motion, the Plaintiffs argue that the legal relationship between the parties has changed because Matthew continues to be a student in New Mexico who is entitled to the protections of the IDEA.  The Plaintiffs imply that, because there is an ongoing relationship between Matthew and the NMPED, the Court's November 17 MOO has effectuated a change in the legal relationship.  Such an expansive view of the MOO's effect on the parties' relationship is not warranted.  The Court's November 17 MOO applies to this case.  While the holding that the NMPED violated the IDEA will put the NMPED on notice that similar behavior in the future might result in another violation and possible remedies, the November 17 MOO does not place new obligations on the NMPED regarding Matthew outside the scope of this case.

The Court notes that Matthew is currently the subject of litigation with the NMPED in

another case in the United States Court for the District of New Mexico.  That litigation has produced

at least one judicial determination which may conflict with this Court's legal rulings regarding the

NMPED.  See Nelson v. Albuquerque Public Schools, No. Civ. 07-1027, Memorandum Opinion and

Order at 11 (January 7, 2009).  In Nelson v. Albuquerque Public Schools, the Honorable Judith

Herrera, United States District Judge, held that,

> until Plaintiffs exhaust their administrative remedies under the IDEA with regard to
> their claims against APS, their claims against the NMPED are premature . . . because
> there can be no determination that an SEA has failed to ensure compliance with the
> IDEA until there is a determination that the LEA has violated the IDEA.

Nelson v. Albuquerque Public Schools, No. Civ. 07-1027, at 11.  The Court believes that it might

have been possible to say that the legal relationship was changed between the Plaintiffs and the

NMPED if Judge Herrera had decided to give collateral-estoppel effect to any aspect of the Court's

November 17 MOO.  Judge Herrera did not do so.  Thus, while the NMPED can choose to alter its

behavior to avoid a possible future finding that it violated the IDEA for acting as it did in this case,

this Court has not issued an order compelling the NMPED to make such an alteration in its behavior.

Given that the NMPED has a ruling from one judge in the District of New Mexico finding that it

may, at times, be a proper party in due-process proceedings, and a ruling from another judge in the

District of New Mexico saying the opposite, the NMPED appears to have chosen as a strategy to

adhere to its current practice, which this Court found was improper in this case, until the Tenth

Circuit resolves the possible conflict between the different District Court rulings to which it has been

subject.  That strategy carries risks, and the Court is confident that the NMPED has assessed those

risks.  Nevertheless, the NMPED's choice to pursue business as usual, while risking future liability

if this Court's holding is followed in a future case, does not contravene any order by this Court on

the NMPED.  The Court did not order the NMPED to alter its future conduct or provide further

remedies to Matthew.  Thus, the Court's ruling on the IDEA claims did not alter the parties' legal relationship in such a way that the Plaintiffs are entitled to attorney's fees.

## III.    THE COURT WILL NOT AWARD ATTORNEY'S FEES FOR SERVICES RENDERED DURING THE ADMINISTRATIVE PROCESS.

Given that the Plaintiffs are requesting attorney's fees for services rendered during the administrative process, a threshold question arises whether the Court has the power to award attorney's fees for the services rendered in litigating in front of the DPHO and the AAO.  The Court believes that it has the authority to award attorney's fees for work done during the administrative process.  Nevertheless, the Court finds that the Plaintiffs are not entitled to fees in this case.

### A.    DISTRICT COURTS HAVE POWER TO AWARD ATTORNEY'S FEES FOR SERVICES RENDERED IN THE ADMINISTRATIVE PHASES OF IDEA PROCEEDINGS.

While the Court is not aware of any Tenth Circuit case law expressly holding that a district court has the power to award attorney's fees for work done during the administrative process, at least one Tenth Circuit opinion assumes that district courts have the power to do so under the IDEA. In Urban by Urban v. Jefferson County School Dist. R-1, a plaintiff contended that he was the prevailing party in an administrative hearing and that the district court should have awarded him attorney's fees for legal services rendered in pursuit of the administrative process.  See 89 F.3d at 729.  Neither the district court nor the Tenth Circuit reviewing it addressed whether there was authority for the district court to award such fees.  Ultimately, the Tenth Circuit held that the plaintiff was a prevailing party at the administrative hearing and was thus entitled to attorney's fees. See Urban by Urban v. Jefferson County School Dist. R-1, 89 F.3d at 729.

In Lopez v. Scott County Unified School Dist. No. 466, 2000 WL 1546822 (D. Kan.), the United States District Court for the District of Kansas considered and denied a plaintiff's request

-14-

for attorney's fees incurred in the administrative process.  See 2000 WL 1546822, *3.  The district court in Lopez v. Scott County Unified School Dist. No. 466 reached the merits whether the plaintiff prevailed in the administrative hearing without addressing jurisdiction.  See id.

Although the Tenth Circuit has not discussed whether a district court can award attorney's fees for the administrative process, there is good reason to find that a district court has such power. The circuit courts that have dealt with the issue have found that district courts can award attorney's fees to parties who prevailed in administrative hearings.  See Arons v. New Jersey State Bd., 842 F.2d 58, 62 (3d Cir. 1988)("The amendments adopted in 1986 which permit a prevailing party to recover attorney's fees apply not only at the judicial level but also at the administrative stage."); Duane M. v. Orleans Parish School Bd., 861 F.2d 115 (5th Cir. 1988)("The legislative history of section 1415(e)(4) reflects Congress' unequivocal intent to award attorneys' fees to parents for legal representation at due process hearings which the EHA requires."); Eggers v. Bullitt County Sch. Dist., 854 F.2d 892, 894-98 (6th Cir. 1988);  Brown v. Griggsville Com. Unit School Dist. No. 4, 12 F.3d 681, 683 (7th Cir. 1993); Barlow-Gresham Union High School Dist. No. 2 v. Mitchell, 940 F.2d 1280, 1284-85 (9th Cir. 1991); Mitten v. Muscogee County School Dist., 877 F.2d 932 (11th Cir. 1989)("The term 'action or proceeding' under the Act includes administrative hearings and appeals."); Moore v. District of Columbia, 907 F.2d 165, 167 (D.C. Cir. 1990).  Two circuit opinions – one from the United States Court of Appeals for the District of Columbia and the other from the United States Court of Appeals for the Seventh Circuit – provide particularly persuasive reasoning.

In Moore v. District of Columbia, the D.C. Circuit framed the question presented as whether the IDEA's cost-shifting provision[4] authorizes recovery of fees when a parent prevails in an IDEA

---

[4] Moore v. District of Columbia dealt with discusses the Education For all Handicapped Children Act, which was the predecessor to the IDEA.  The Education for All Handicapped Children

administrative proceeding, or only when the parent loses in such a proceeding and then prevails in a civil action attacking the adverse administrative determination.  See 907 F.2d at 167.  After analyzing the statute's text and legislative history, the D.C. Circuit concluded that parents who prevail at the administrative level are entitled to attorney's fees in the district court.  See id.  In making its textual argument, the D.C. Circuit noted that the statute authorized a court to award attorney fees in "any *action or proceeding* brought under this subsection."  Id. (quoting then § 1415(e)(4)(B))(emphasis in Moore v. District of Columbia).  The D.C. Circuit also noted that administrative proceedings occupy a central place in the statutory framework of the IDEA, and the statutory language unambiguously used the terms "action" and "proceeding" in several places to distinguish between the administrative and judicial phases of IDEA litigation.  Moore v. District of Columbia, 907 F.2d at 168.  Thus, given that "action" and "proceeding" refer to the judicial and the administrative phases, the D.C. Circuit reasoned that the statute contemplates attorney's fees for work done in administrative proceedings.  See id.

The Seventh Circuit, in an opinion which then-Chief Judge Richard Posner authored, pointed out that, even though the parties did not contest the question, which the Seventh Circuit characterized as jurisdictional, the court could not ignore it.  See Brown v. Griggsville Com. Unit School Dist. No. 4, 12 F.3d at 683.  The Seventh Circuit explained that "[o]rdinarily a request for attorney's fees is tendered to the tribunal, whether judicial or administrative, before which the attorney appeared, or at least that had jurisdiction over the case in which he rendered services."  Id.

---

Act was reorganized and renamed as the IDEA in 1990.  The language in question in Moore v. District of Columbia is the same as that of the current IDEA.  The Court characterizes the D.C. Circuit's question presented in terms of the IDEA, and will refer to the IDEA when discussing the opinion to avoid confusion, given that the name change and reorganization have no effect on the analysis here.

Nevertheless, the Seventh Circuit held that, under the IDEA, a district court could grant fees for work done in the administrative hearing.  Aside from the textual and the legislative history arguments, the Seventh Circuit noted that "[i]t would be anomalous to make the entitlement to attorney's fees depend on the stage at which a plaintiff's successful effort to enforce the rights conferred by the Individuals with Disabilities Education Act terminated."  <u>Brown v. Griggsville Com. Unit School Dist. No. 4</u>, 12 F.3d at 684.  According to the Seventh Circuit, the officers presiding over the administrative proceedings are "adjuncts of the court, like a magistrate, in the administration of the federal statute . . . ."  <u>Id.</u>

> The fact that a case referred to a magistrate terminates with him does not disentitle the prevailing plaintiff to an award of attorney's fees if a statute allows such an award in the particular class of case; any other rule would encourage the plaintiff to dawdle, and would retard settlement and burden district judges.  It is the same here. If the claimant must get his claim before a district judge in order to be entitled to attorney's fees, claimants' lawyers will be reluctant to settle cases at the earlier, nonjudicial stages.

<u>Id.</u>

While the Seventh Circuit in <u>Brown v. Griggsville Com. Unit School Dist. No. 4</u> held that, on the whole, the text supported its holding, the court also admitted that the language "in an action or proceeding brought under this sub-section" represented a weak point in its analysis.  <u>Id.</u> at 683 (internal quotation marks omitted).  The way the statute was written at the time, "this sub-section" referred to the sub-section authorizing suit in the district court.  Thus, a literal reading suggested that the district court could award fees only for actions or proceedings brought in the district court.  <u>See id.</u>  At the same time, the probability that Congress did not mean "action or proceeding" to be redundant suggested, as the D.C. Circuit reasoned in <u>Moore v. District of Columbia</u>, that Congress intended to allow district courts to award fees for the administrative as well as judicial phases. Given that these two textual aspects of the statute stood in tension, the Seventh Circuit in <u>Brown v.</u>

-17-

Griggsville Com. Unit School Dist. No. 4 observed that it might not be possible to "come up with a completely satisfactory literal reading of this statute."  12 F.3d at 684.

Given the Seventh Circuit's analysis in Brown v. Griggsville Com. Unit School Dist. No. 4 of the tensions in the text it was analyzing, it is important to note that a subtle, but possibly important amendment to the statute has taken place.  The current version of the statute states:  "In any action or proceeding brought under this *section*, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C.A. § 1415(i)(3)(B)(emphasis added).  That Congress changed the word "subsection" to "section" is evidence of an expansion to encompass more than just fees for the district court actions.

In light of the language of the statute and the case law interpreting it, and the fact that the Tenth Circuit has operated under the assumption that district courts can award attorney's fees to parties who prevailed in IDEA administrative proceedings, the Court agrees that district courts have jurisdiction to award such attorney's fees.

## B.   THE PLAINTIFFS DID NOT PREVAIL AGAINST NMPED AT THE ADMINISTRATIVE LEVEL.

Although the Court finds that it has jurisdiction to award attorney's fees for services rendered in the administrative proceedings, the statute states that the court has discretion to award fees to prevailing parties.  The standard for determining whether a party prevailed in the administrative proceeding is the same as the standard used for determining whether a party prevailed in the judicial proceeding.  A plaintiff requesting fees as a prevailing party "must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Teachers Association v. Garland Independent School District, 489 U.S. at 792.  The Plaintiffs do not make

the requisite showing that, as a result of the administrative hearing, the legal relationship between them and the NMPED was altered.

With regard to their claims against the NMPED, the Plaintiffs lost in front of the DPHO and the AAO. The DPHO declined to exercise jurisdiction over the NMPED in the due-process hearing, and the AAO upheld the DPHO's finding that there was no jurisdiction over the NMPED in the due process hearing. Thus, even if they prevailed against Tularosa Schools, *vis a vis* the NMPED, the Plaintiffs lost at the administrative level. The Court believes that the Plaintiffs' First Amended Complaint reflects an implicit recognition of this fact. In the First Amended Complaint, the Plaintiffs state: "Because they are the prevailing parties as to claims against defendant Tularosa Schools, Plaintiffs are entitled to attorney fees pursuant to 20 U.S.C. § 1415(i)(3) against defendant Tularosa." First Amended Complaint for Violations of IDEA and Civil Rights Pursuant to Section 1983, ADA, and Section 504 of the Rehabilitation Act ¶ 16, at 5, filed May 2, 2005 (Doc. 5).

It would be improper for the Court to say that, because the Plaintiffs prevailed in the administrative hearing by virtue of the fact that the AAO ordered Tularosa Schools to implement a twelve-point remedy, the Plaintiffs should be deemed prevailing parties for all purposes in the administrative proceedings. The statutory provision allowing for attorney's fees is, in the end, a fee-shifting mechanism designed to shift the burden of fees onto the losing party. If there was going to be any shifting of fees for the administrative proceeding, it would have to have occurred between the Plaintiffs and the party against whom the AAO ruled.

Because the Plaintiffs did not prevail at the administrative phase against the NMPED, they are not entitled to fees for services rendered during that phase. Given that the Plaintiffs are not prevailing parties at the administrative or at the judicial stage, it is not necessary for the Court to decide whether and to what extent a party can recover attorney fees for the administrative

proceedings if the party loses at the administrative level, but prevails in the district court.  There is some merit to the Plaintiffs' argument at the hearing that, if a party prevails in the judicial proceeding, the work done at the administrative level, in a sense, led to the ultimate victory at the judicial level.  The Court need not decide the question at this time.  The Court also does not reach the question of what amount of fees would be reasonable, given the Court's finding that the Plaintiffs are not prevailing parties entitled to an award of attorney's fees.

**IT IS ORDERED** that the Plaintiffs' Motion for Attorney's Fees Pursuant to IDEA and Memorandum in [S]upport is denied.  The Court will not award the Plaintiffs attorney's fees pursuant to the IDEA in this case.


_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gail Stewart
Laurel Nesbitt
Steven Grabber Attorney at Law, P.A.
Albuquerque, New Mexico

-- and --

Tara Ford
Pegasus Legal Services for Children
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Gerald Coppler
Coppler & Mannick, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Board of Education of Tularosa Municipal Schools*

-20-

Andrew S. Montgomery
Jeffrey J. Wechsler
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

*Attorneys for Defendants New Mexico Public Education Department and Veronica Garcia*